OCEAN PIER & NAV. CO. *et al. v.* WOOLSEY.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

COVENANTS—ACTION FOR BREACH—OBSTRUCTION OF WAY.

The plaintiff company, owning a pier on which passengers were landed, purchased certain land from defendant in front of the pier, and covenanted with defendant that a road 30 feet wide should be kept open through the land conveyed, and also through land retained by defendant. The land entrance to the pier was by means of such road. *Held,* that certain booths and posts and fences erected by defendant, extending out into the road four or five feet, constituted a violation of defendant's covenant, and that a balcony overhanging the road, maintained by plaintiff, was not a violation of the latter's covenant, so as to prevent him from maintaining an action for the obstruction maintained by defendant.

Appeal from Kings county court.

Action by the Ocean Pier & Navigation Company and Elizabeth Skinner against Charles L. Woolsey, to compel defendant to remove certain obstructions from a roadway. By the terms of a conveyance of property from defendant to the said company it was agreed that, for all the purposes of a road, excepting horses and vehicles, a certain way or road should be kept open through the property conveyed, and through certain property retained by the defendant. Directly in front of such road the said company had a pier, running out into the ocean, on which passengers were landed, and the land exit and entrance from and to such pier opened directly into the said road. Both plaintiff and defendant had places of business fronting on such road, and the defendant maintained certain buildings, posts, and fences, extending out into the road from four to five feet, one post being in the center of the road; and a clothes-line, with washed clothes thereon, was extended from defendant's land to such post. A balcony overhanging the roadway was maintained by plaintiff. Defendant claimed that the enforcement of the covenant would work great hardship to him, and be of little benefit to plaintiff. Judgment was given for the latter, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles J. Kurth,* for appellant. *W. J. Gaynor,* for appellee.

PRATT, J. The findings of fact in this case are fully sustained by the evidence, and the conclusions of law are such as the findings of fact warrant. That the defendant has broken his covenants is abundantly proved, is plain; while the violations of covenant claimed to have been done by the plaintiff

are too trivial to require notice.   The case is so plain, in the facts and princi-
ples involved, that no discussion seems to be required.   Judgment affirmed,
with costs.   All concur.