68 So.2d 815 (1953)
ROBINSON
v.
FELTUS.
Supreme Court of Florida. Special Division B.
December 18, 1953.
E. Albert Pallot, Miami, for appellant.
Montague Rosenberg and Charles Gertler, Miami Beach, for appellee.
HOBSON, Justice.
This is an appeal from a final decree of the Circuit Court for Dade County dismissing a bill of complaint filed by appellant Leo Robinson. Robinson's bill alleged that he is the tenant, and Feltus (appellee here) the landlord, under a ninety-nine year lease of certain property described as follows:
"Lot 4, Block 2, Altos Del Mar No. 5, according to the plat thereof recorded in Plat Book 8, page 92 of the Public Records of Dade County, Florida, upon which is an apartment building known as the Macelyn Arms, otherwise described as: 9325 Collins Avenue, Surfside, Dade County, Florida; and
"West 30' of Lot 7, together with an easement over the south 12 of the east 120' of Lot 7, Block 3, Altos Del Mar No. 5, according to the plat thereof recorded in Plat Book 8 at page 92 of the Public Records of Dade County, Florida."
An apartment building was situated upon part of the leased property, which was located within the limits of the town of Surfside and subject to an ordinance requiring adequate off-street parking space to be provided by the operator of an apartment building for his tenants. The second parcel above described was leased by Robinson to comply with this ordinance, and he alleged that he would not have entered the lease if the parking area and easement had not been included.
*816 After the execution of the lease, the bill continued, the landlord caused a building to be constructed upon the remainder of Lot 7, so that a stairway encroached in several places from 2.05' to 2.15' over the north line of the 12' strip over which the easement ran. Following further allegations unnecessary to detail here, the bill sought an order commanding the removal of the encroachments, an injunction against further encroachments, and abatement of rent until relief was obtained. Rent for one year was deposited into the registry of the court to abide its order.
The allegations of appellant which we have outlined above were supported by evidence, and do not appear to be questioned here. The Chancellor, by consent of the parties, had a personal view of the premises, and thereafter entered a final decree dismissing the bill without prejudice to the tenant to sue at law, and directing the payment to the landlord of the sum deposited in court. This appeal followed.
The veteran Chancellor was plainly of the opinion that the encroachments complained of constituted no material interference with the easement here under consideration. But appellant contends that this easement was for a specified number of feet in width, that any encroachment was actionable, and that the court confused this case with cases which consider an easement of undefined limits.
At the outset it becomes necessary to examine the language by which the easement was granted. Were the words, "together with an easement over the south 12'" intended to refer to the width of the way, or were they merely descriptive of the property over which the tenant might have such a way as was reasonably necessary to effectuate the purpose of the grant? At the least, the language employed is not free from ambiguity, and the intent of the parties, which is paramount, must be ascertained by reference to the surrounding circumstances. Kotick v. Durrant, 143 Fla. 386, 196 So. 802. The words here before us are to be contrasted with the language of the grant in Gray v. Kelley, 194 Mass. 533, 80 N.E. 651, 652, relied upon by appellant, where the parties "did `set apart and appropriate forever the land occupied by said way, twenty-four feet wide, as a private way * * *.'" and grantees were given a "`* * * right to pass and repass at pleasure over any part of said private way, twenty-four feet wide, adjoining the premises.'" And the court in that case was careful to point out that: "If the provisions of the deed are satisfied by leaving the way in such a condition that one can drive through it, without very great inconvenience, notwithstanding obstructions in places, a different result would be reached." In the present case, the only intendment of the grant was to provide egress and ingress to that portion of Lot 7 which was leased for parking purposes. Under the facts and circumstances adduced, it appears that the specification of width was merely descriptive, and the landlord's duty, enforceable in equity, to refrain from interfering with his tenant's beneficial enjoyment of the premises was satisfied, in so far as the easement was concerned, as long as he did not materially obstruct the way, and here he did not. Cf. In re City of Buffalo, 65 Misc. 636, 120 N.Y.S. 611, and Barrett v. Duchaine, 254 Mass. 37, 149 N.E. 632. Many of the cases cited by appellant, e.g., Ocean Pier & Nav. Co. v. Woolsey, 51 Hun. 643, 4 N.Y.S. 114 (obstructions included a clothes pole, with a clothesline and clothes attached, in the middle of a roadway) and Berkey & Gay Furniture Co. v. Valley City Milling Co., 194 Mich. 234, 160 N.W. 648 (erection of garage narrowed 30' way to 13') are predicated upon facts so vastly different from those now before us that they have no application here. It must not be overlooked that the primary relief prayed for is a mandatory injunction, which is regarded with great circumspection, and whether or not this drastic remedy will be granted to remove an encroachment must be decided in each controversy upon circumstances peculiar to it. Johnson v. Killian, 157 Fla. 754, 27 So.2d 345. There is no such showing here as would justify equitable relief.
*817 Other questions are raised but we find no merit to them, nor has error been demonstrated with respect to the learned Chancellor's denial of counsel fees below. The petition for counsel fees filed in this court by appellee is denied, since there is no "default" before us under the terms of the lease.
Affirmed.
ROBERTS, C.J., and SEBRING and DREW, JJ., concur.