359 So.2d 2 (1978)
Edmund C. MONELL, Appellant,
v.
GOLFVIEW ROAD ASSOCIATION, Appellee.
No. 76-1918.
District Court of Appeal of Florida, Fourth District.
May 2, 1978.
Rehearing Denied June 19, 1978.
*3 Thomas V. Close of Falcon & Villwock, Palm Beach, for appellant.
James F. Cooney, Jr., of Coe & Broberg, Palm Beach, for appellee.
BERANEK, JOHN R., Associate Judge.
This is an appeal from a final judgment denying appellant's request for a mandatory injunction. The appellee is the "GOLFVIEW ROAD ASSOCIATION" which is composed of most of the homeowners living on a private road in the Town of Palm Beach. Appellant is an individual homeowner living on this same private road, but who chose not to become a member of the Association. This case is a dispute over whether the Association should be required to remove four speed bumps constructed on the road by the Association over appellant's objections.
The Association constructed the speed bumps to reduce traffic and speed and to maintain the "private" nature of the road. Appellant objected to the proposed construction before it was done. These objections were overruled. After construction appellant sought a mandatory injunction to have the speed bumps removed. The trial court denied the requested relief based on a *4 "balancing of the relative conveniences of the parties." We reverse.
Golfview Road is 1,200 feet long and has 15 residences and a private club located on it. Of the 15 residences, 13 are served by a private rear alleyway and need not traverse the road. Two residences, including appellant's, have access only via the road itself. Thus the owners making up the Association need not traverse the road to get to their houses, but appellant must use the road and cross the speed bumps to arrive at his home.
Since installation of the speed bumps traffic has dramatically decreased. The bumps cause most people to simply avoid all use of the road.
The doctrine of balancing conveniences is an equitable principle. It is applicable where a technical encroachment of another's rights is slight and the cost of removing the encroachment would produce great harm and where the resulting benefit is small. Johnson v. Killian, 157 Fla. 754, 27 So.2d 345 (1946). The classic application of the doctrine is seen in cases where a building is constructed in violation of the adjoining land owner's boundaries. If a large building encroaches slightly on adjoining property and the misplaced location is accidental, a Court may balance the conveniences between the parties and deny injunctive relief if the actual encroachment is not substantial and removal would result in only slight benefit. In short, Courts will not lend aid to enforce the technical rights of a litigant against another where the good to be obtained is wholly disproportionate with the unintentional harm done.
Numerous factors must be considered and balanced. Of paramount importance is whether the encroachment is willful and intentional or accidental and unintentional. The neighbor who with full actual knowledge willfully places his building on the property of another may not use mere inconvenience as a defense to a demand for removal. Vigilance of one's own rights is also to be considered and balanced. The doctrines of estoppel or laches are certainly applicable against a person who sits by and watches while his own rights or property are encroached upon.
In the present factual situation the balancing of the conveniences doctrine was simply not applicable. The uncontroverted evidence was that appellant's right to the easement over the private road was substantially diminished. Appellant had the same right to this road as all other homeowners in the Association. The construction of the four speed bumps was shown by the evidence to have substantially and dramatically reduced traffic on the road. In short, no one wants to drive on the road and the road is no longer used to any great extent. This was the desired result for the members of the Association. On the other hand, appellant must traverse these speed bumps to get to his house and his right to use his easement on his private road has been substantially invaded. The doctrine of a non-material interference as stated in Robinson v. Feltus, 68 So.2d 815 (Fla. 1953), has no application here.
The invasion by appellee was willful and intentional and appellant was not guilty of even slight delay in protesting. At every possible point he objected by writing letters, attending meetings and hiring lawyers. These protests were timely in every respect, and the doctrines of laches or estoppel are totally inapplicable.
The rights of common owners of an easement are limited to the purpose for which the easement was established and may not be exercised in derogation of the rights of other common owners. Cartish v. Soper, 157 So.2d 150 (2d D.C.A., Fla. 1963); and Wilson v. Dunlap, 101 So.2d 801 (Fla. 1958). It is also important to note that the Association even representing a majority of the easement holders had no right to substantially diminish the convenience of the roadway. See Killion v. Kelley, 120 Mass. 47 (1876); Stifel v. Hannon, 95 W. Va. 617, 123 S.E. 673, W. Va., 1924; Thompson on Real Property, Vol. 2, Easements, Sec. 428, p. 702.
Here the easement was for the purposes of a "private road." The Association argues that the speed bumps were necessary to preserve the "private" aspect of the easement. We rule that a "private road" *5 must first be a road and that the substantial violation of the plaintiff's rights to the road are not cured by the fact that the violation increased the private nature of the way.
The balancing of the equities doctrine was inappropriately applied in this case. The Court should have granted an injunction requiring the removal of the four speed bumps. Clearly, appellant had no other remedy at law. McCorquodale v. Keyton, 63 So.2d 906 (Fla., 1953); and Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925), later app., 95 Fla. 976, 117 So. 383. The action of appellee was intentional and effected a substantial violation of a meaningful right in appellant. The judgment below is therefore vacated. The matter is remanded to the trial court for entry of an appropriate order consistent with the views expressed herein.
DOWNEY, C.J., and ANSTEAD J., concur.