368 So.2d 50 (1979)
WASH AND DRY, INC., a Florida Corporation, d/b/a All Miami Appliances, Appellant,
v.
BAY COLONY CLUB CONDOMINIUM, INC., a Florida Corporation, D/B/a Bay Colony Club, Appellee.
No. 77-2312.
District Court of Appeal of Florida, Fourth District.
January 17, 1979.
On Rehearing March 21, 1979.
Richard W. Driscoll and S. Charles Adams, Hialeah, Lawrence Rogovin of Cohen, Angel & Rogovin, North Miami, for appellant.
Kay Latona of Becker, Poliakoff & Sachs, P.A., Fort Lauderdale, for appellee.
LETTS, Judge.
A washing machine company here appeals from a summary judgment denying its complaint for specific performance and injunctive relief against a condominium association. We affirm.
The developer originally entered into some twenty (20) different contracts to supply various buildings with laundry machines, service and repair. Thereafter when the condominium association took over control in accordance with the declaration, it cancelled some of the contracts pursuant to Florida Statute, 711.13(4) (1973) and as to the remaining contracts, signed later, pursuant to the succeeding statute which replaced § 711.13(4) namely Florida Statute 711.66(5) (1975).
The trial judge held that both of these statutes applied,[1] while the washing machine company argues that neither of them do.
The first of these statutes, § 711.13(4) (1973) provides in part:
Any initial or original contracts first entered into by the condominium association or its fiduciaries or appointees for maintenance, management, or operation of condominium property shall be subject to cancellation at any time subsequent to the time any individual unit owners assume control of their association ... (emphasis supplied)
The second statute § 711.66(5) (1975) reflects a change of language from the above provision and states:
Any grant or reservation made by a declaration or cooperative document, lease, or other document, and any contract made by an association prior to assumption *51 of control of the association by unit owners other than the developer, that provides for operation of a condominium or cooperative or for maintenance, management, or operation of condominium or cooperative property or of property serving the unit owners of a condominium or cooperative shall be fair and reasonable and may be cancelled by unit owners other than the developer under the following circumstances... . (emphasis supplied)
We are of the view that both of these statutes cover the installation and operation of washing machines in the laundry rooms of condominium buildings.
Taking them in reverse order, it seems to us to be clear beyond doubt that the language of the amended statute [§ 711.66(5)] covers washing machines because of the words "or of property serving the unit owners... ." The washing machine company argues that this language refers only to real property which is a part of the common elements. We cannot agree and must conclude that both personal and real property was intended to be covered.[2] A washing machine is certainly a form of personal property serving the unit owners and we are convinced that the language adopted by this latter statute was designed for this very purpose.
As to § 711.13(4) (1973) the pertinent language there is not as clear when it simply states: "contracts ... for maintenance, management, or operation of condominium property... ." Predictably the washing machine company makes the same argument that this refers to real property only, an argument which we again reject. More significantly however, they also argue that because of the amendment to the latter statute, [§ 711.66(5)] which adds the language: "of property serving the unit owners ... ." this leads to the conclusion that property serving the unit owners was excluded by the previous statute. Again we do not agree. It is true that the language of the amendment makes it much clearer, but we still think the original language is sufficient. Washing machines located and operating in a condominium laundry room constructed for the purpose, appear to us to be property for the maintenance, management or operation of the condominium and we do not believe that such language was only intended to cover "sweetheart" management contracts.
The washing machine company also argues that because the condominium association continued to pay on these contracts for many months after they took over the management of the corporation, that this act of continuing payment plus a direction that the checks be made out to a different payee, amounted to a ratification of the contracts which precludes the cancelation of same, even if the statutes do apply. This might indeed be the result under certain circumstances, but we can detect nothing in this particular record that would preclude the trial judge from entering a summary judgment.
AFFIRMED.
ANSTEAD, J., and JOHNSON, THOMAS H., Associate Judge, concur.

ON REHEARING GRANTED
LETTS, Judge.
By petition for rehearing the appellant has called to our attention the fact that the last paragraph of the opinion filed January 17, 1979 contains a factual misstatement and should be amended to read as follows:
"The washing machine company also argues that because the condominium association continued to receive payments on these contracts for many months after they took over the management of the corporation, that this act of receiving payment plus a direction that the checks be made out to a different payee, amounted to a ratification of the contracts which precludes the cancellation of *52 same, even if the statutes do apply. This might indeed be the result under certain circumstances, but we can detect nothing in this particular record that would preclude the trial judge from entering a summary judgment."
In all other respects the opinion as filed is herewith reaffirmed.
ANSTEAD, J. and JOHNSON, THOMAS H., Associate Judge, concur.
NOTES
[1] His judgment does not expressly so state, but the holding is evident from the motion for summary judgment.
[2] "The term `property' is sufficiently comprehensive to include every species of estate, both real and personal, and everything that one person can own and transfer to another." 25 Fla.Jur. Property § 3 (citing cases.)