424 So.2d 988 (1983)
Estill BREWER and Mary Brewer, His Wife, Appellants,
v.
Ray T. HIBBARD and Lorraine E. Hibbard, His Wife, Appellees.
No. 82-519.
District Court of Appeal of Florida, Fifth District.
January 12, 1983.
*989 Johnie A. McLeod, Apopka, for appellants.
Mikel W. Carpenter of Jones & Morrison, P.A., Altamonte Springs, for appellees.
SMITH, McFERRIN, Associate Judge.
This is an Appeal from a summary final judgment entered on February 1, 1982, directing appellants to remove certain encroachments from property owned by appellees. The trial court ordered appellants to remove three encroachments: 1) a frame sign which extends onto appellees' property, 2) the corner of a building which extends a few feet onto appellees' property, and 3) a portion of a service station located on appellees' property which extends onto appellants' property.
The order requiring removal of the two buildings appears to have been entered without considering the principle of balancing relative conveniences. Johnson v. Killian, 157 Fla. 754, 27 So.2d 345 (1946). If a building encroaches slightly on adjoining property and the encroachment is accidental, the trial court should balance the conveniences between the parties in determining whether to order the encroachment removed. Injunctive relief should be denied if the actual encroachment is not substantial and removal would result in only slight benefit. Monell v. Golfview Road Association, 359 So.2d 2 (Fla. 4th DCA 1978).
Nothing in the record before us shows whether the trial court applied this "balancing" principle. Upon remand the trial court should determine whether the cost of removing the slight building encroachment would be disproportionate with the benefit to be gained.
Further, the complaint filed by appellees, plaintiffs below, makes no mention of the service station. Having no request before it for removal of the service station, the trial court erred in ordering its removal.
That portion of the order directing the removal of the frame sign and the remaining point on appeal do not warrant reversal. However, for the reasons stated above, the judgment of the trial court is
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.