GRIMES, Acting Chief Judge.
In this appeal, the developer of two condominiums and one of the homeowner associations are pitted against the other homeowner association.
Creative Concepts of Tampa, Inc. (Creative) has developed on adjacent property two condominiums known as Sweetwater Oaks Condominium (Sweetwater I) and Sweetwater Oaks Condominium II (Sweet-water II). Sweetwater II lies immediately west of Sweetwater I. The homeowners association of Sweetwater I objected to a road which Creative constructed between the two condominiums and expressed an intent to construct a wall along the common boundary of the two condominiums in order to block access between Sweetwater I and Sweetwater II. Creative and the Sweetwa-ter II association then sought an injunction to prevent blockage of the road. The court granted the Sweetwater I association’s motion to dismiss the complaint but denied an award of attorney’s fees to that association. The Sweetwater I association appealed the failure to award attorney’s fees, and Creative and the Sweetwater II association cross-appealed the dismissal of their complaint.
Apparently, the court refused to award attorney’s fees on the premise that section 718.303, Florida Statutes (1981), did not contemplate an award of attorney’s fees in actions involving a developer or when one association sues another. Here, however, Creative claimed relief under one count of the complaint in the capacity of a unit owner. There is nothing in the condominium act which states that a developer cannot also be a unit owner. In fact, the act recognizes that a developer will necessarily control the association during the early stages of development by virtue of its ownership of unsold units. § 718.301, Fla. Stat. (1981). See also section 718.302, Florida Statutes (1981), for frequent references to the “unit owner other than the developer.” Hence, the court would have erred in denying attorney’s fees to the Sweetwater I association if it were not for the fact that we also find merit in the cross-appeal.
The declaration of condominium of Sweetwater I states:
Know All Men By These Presents that we ... Creative Concepts of Tampa, Inc., a Florida corporation, owner of the above described land, have caused the land embraced in this plat to be surveyed, laid *656 out and platted as Sweetwater Oaks, a condominium, pursuant to Florida Statute 718.104 and the ingress and egress easement, shown as parcel A in other easements shown hereon, including the drainage easement, shown as parcel B, are dedicated for the common use and benefit of the condominium units of Sweetwater Oaks, a condominium, and any future condominium units of Sweet-water Oaks which may be hereinafter platted and for the use of utility companies as they may require.
On the survey, the ingress and egress easement referred to as parcel A stretches from the eastern to the western boundary of the platted property.
The eastern end of the easement joins a public thoroughfare, while the western end connects to a road into Sweetwater II. When the dedication is read in conjunction with the survey, it would appear that Creative as a unit owner of Sweetwater I has the right to enter and exit the property from either the east or the west. Although the easement stops at the western boundary, the documents reflect an' intent to provide an outlet to the adjoining property. The rights of the common owners of an easement may not be exercised in derogation of the rights of other common owners. Monell v. Golfview Road Association, 359 So.2d 2 (Fla. 4th DCA 1979). Although a majority of the easement holders have voted to erect a wall along the common boundary, they have no right to substantially impair the rights of other owners by eliminating one’s means to ingress and egress.
Moreover, the dedication grants an easement “for the common use and benefit of ... any future condominium units of Sweetwater Oaks which may be herein after platted.” When interpreting the meaning of these documents, every part of the instrument must be given effect. North Lauderdale Corp. v. Lyons, 156 So.2d 690 (Fla. 2d DCA 1963). Creative designated all portions of the property known as Sweetwater I as either lots, ingress and egress easements or drainage easements. Thus, there remained no property in Sweet-water I on which to plat future condominium units. If the language is to be given effect, it seems to refer to adjacent units that the developer anticipated building in the future. Although it may yet be shown that Creative did not intend to reserve an easement for the benefit of the unit owners now represented by the Sweetwater II association, the dedication is susceptible to such an interpretation. Since the language is at the very least ambiguous, the intent of the parties must be ascertained by surrounding circumstances. Robinson v. Feltus, 68 So.2d 815 (Fla.1953); Cartish v. Soper, 157 So.2d 150 (Fla. 2d DCA 1963).
We hold that the complaint stated a cause of action. Accordingly, we reverse the order of dismissal and remand for proceedings consistent with this opinion.
DANAHY and SCHOONOVER, JJ., concur.