453 So.2d 224 (1984)
Karl W. HOFF, Jr. and Glenna J. Hoff, His Wife, Appellants,
v.
Arthur J. SCOTT and Mary Eliza Scott, His Wife, Appellees.
No. 83-1186.
District Court of Appeal of Florida, Fifth District.
July 26, 1984.
Dock Blanchard, of Tucker, Branne, Blanchard & Stillwell, P.A., Ocala, for appellants.
John Montgomery Greene, Ocala, for appellees.
SHARP, Judge.
The Hoffs (owners of a twenty foot express easement for ingress and egress) appeal *225 from the circuit court's refusal to require the Scotts (owners of the servient tenement) to remove mobile homes, concrete pads, and a shed from the easement area. The trial court construed the easement as being a grant for ingress and egress "over" the twenty feet, but only as to a width reasonably necessary to allow the Hoffs to pass by; and that the Hoffs' needs for a private drive were met by the twelve foot unobstructed balance of the twenty foot area. We disagree and reverse.
In 1960, common grantors of the Hoffs' and Scotts' lands deeded to a predecessor of the Hoffs title an easement over the common grantors' remaining lands, later owned by the Scotts. The easement was created by a recorded deed. It was described as follows:
A private roadway over, across, and upon a strip of land 20 feet wide along the West side of the lands of the grantors herein, which lies South of the land hereby conveyed, from the South line of the property above-described to State Road 40, such strip of land to be used in common for the right of ingress and egress.
After an earlier hearing, the lower court entered a final judgment finding that this easement was conveyed to the Hoffs and it located the easement on the West 20 feet of the Scotts' land:
this property being a twenty foot strip of land running North and South and running parallel to an immediately adjacent to on the Eastern side of Hilltop Road and deviating from Hilltop Road and continuing to run in the North-South direction where Hilltop Road turns West.
The court also ordered the Scotts to remove any improvements within the easement area which they constructed and which interfered with the Hoffs' use of the easement area for ingress and egress. At the earlier hearing, the location of the easement was the primary issue. It appears the location found by the court had not been the route used by prior owners of the Hoffs' land. This judgment was not appealed.
At the time of the final judgment and thereafter, the Scotts placed three mobile homes and concrete pads at an angle in the twenty foot easement area, fence posts, and a shed. The Hoffs had at most the west twelve feet of the original twenty feet unblocked by permanent obstructions, and had to drive around fence posts planted at various points five to twelve feet from the west side of the easement strip. The court refused to enforce its final judgment by requiring removal of these obstructions through contempt procedures. In doing so, it relied upon Robinson v. Feltus, 68 So.2d 815 (Fla. 1953).
We do not think Robinson is controlling in this case. The encroachments in Robinson could be viewed as de minimus: a stairway which protruded at most (2.15) two point fifteen feet at one point into a twelve foot easement. However, the court found the grant of the easement ambiguous as to whether the full twelve feet was intended as the easement area, or only so much of the twelve feet as was reasonably necessary to afford the easement owner reasonable ingress and egress. The grant in Robinson read: "together with an easement over the south 12'... ." Such grants are generally not construed as providing a way as broad as the area referred to.[1]
In this case the easement granted was "over, across, and upon a strip of land 20 feet wide ... such strip of land to be used in common for the right of ingress and egress." (Emphasis supplied). The language of this deed is not ambiguous,[2] and we are unable to read it as merely giving a right to travel somewhere over the twenty foot area. It is clear from the wording of the deed that the whole strip was set aside for ingress and egress. How else could the twenty foot strip of land be *226 used "in common" by the owners of the servient and dominant tenements?
The servient owner has no right to place permanent obstructions in the described easement area that would prevent the dominant tenement owner from freely passing over any part of the easement.[3] Such obstructions are viewed as nuisances and they may be removed by resort to contempt proceedings.[4] Considerations about what may be reasonably necessary for the dominant tenement owner's use or needs is not appropriate or relevant in this case.[5]
Accordingly, the judgment refusing removal of the obstructions is reversed, and this cause is remanded.
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] 25 Am.Jur.2d Easements and Licenses § 78 (1966).
[2] 28 C.J.S. Easements §§ 75 & 77 (1941).
[3] 28 C.J.S. Easements, supra note 2, at §§ 77 & 91.
[4] Monell v. Golf View Rd. Assoc., 359 So.2d 2 (Fla. 4th DCA 1978); 28 C.J.S. Easements, supra note 2, at §§ 96 & 97; 2 G.W. Thompson, Commentaries on the Modern Law of Real Property, §§ 426, 427, 431 (1980).
[5] See McCorquodale v. Keyton, 63 So.2d 906 (Fla. 1953); 28 C.J.S. Easements, supra note 2, at § 77.