PER CURIAM.
Appellants, two condominium associations located in Century Village near West Palm Beach, Florida, appeal from a final summary judgment enjoining them from blocking or obstructing passage over Hudson Street, and requiring them to remove the obstructions now blocking Hudson Street. Appellants claim the trial court erred when it entered the permanent injunction because the easement that the trial court relied upon when it granted the injunction had been previously cancelled by appellants or, in the alternative, that disputed issues of fact concerning easement rights exist that preclude the entry of a summary final judgment. We affirm.
In 1973, the developer of Century Village granted the Congregation Anshei Shalom of West Palm Beach, Florida, and its members an easement to, upon, and over Hudson Street:
Said easement being for the sole and only purpose of ingress and egress to and from the property described herein. It is distinctly agreed and understood that the easement thus granted is not an exclusive easement but is subject to the rights of the residents of CENTURY VILLAGE and the various condominiums therein, according to the declarations of condominium filed in the Public Records of Palm Beach County, Florida.
[[Image here]]
... In the event any adjacent landowners of the above described property, other than the owners of condominiums in CENTURY VILLAGE, are permitted to use this easement, then the Grantor may, at its discretion, revoke this easement and cause it to be null and void.
In 1981, appellants erected posts on Hudson Street to impede ingress and egress between Century Village and the Congregation’s property. In 1982, appellants’ *1129 members voted to cancel the easement rights pursuant to section 718.302, Florida Statutes (1983). The Congregation and six residents of Century Village filed suit for injunctive relief.
We interpret the easement as an easement of access to the Congregation’s property for the benefit of its membership. The membership of the Congregation includes the residents of Century Village. Section 718.302 provides:
(1) Any grant or reservation made by a declaration, lease, or other document, and any contract made by an association prior to assumption of control of the association by unit owners other than the developer, that provides for operation, maintenance, or management of a condominium association or [for operation, maintenance or management of] property serving the unit owners of a condominium shall be fair and reasonable, and such grant, reservation, or contract may be canceled by unit owners other than the developer[.]
Neither the easement nor the record discloses any evidence which would lead to the conclusion that the easement provided for operation, maintenance or management of the condominium association or property serving the unit owners of the condominium. We find no support for appellants’ position in Wash and Dry, Inc. v. Bay Colony Club Condominium, Inc., 368 So.2d 50 (Fla. 4th DCA 1979) and Country Manors Association, Inc. v. Master Antenna Systems, Inc., 458 So.2d 835 (Fla. 4th DCA 1984).
In Wash and Dry we held that the association effected a valid cancellation pursuant to section 711.665, Florida Statutes (1975), the predecessor statute to section 718.302, of the contracts to supply various buildings with laundry machine service and repair. Although we concluded that the statute applied to both personal and real property, the holding in Wash and Dry supports the conclusion that section 718.-302 is intended to apply to property for the maintenance, management or operation of the condominium. We reached a similar conclusion in the Master Antenna Systems, Inc. case. Since the easement here does not provide for the operation, maintenance or management of the condominium, or of property serving the condominium unit owners, we hold that appellants did not effect a valid cancellation of the easement pursuant to section 718.302.
Additionally, we agree with the trial court’s conclusion that it did not need to reach the issue of whether appellants effected a valid cancellation of the easement because:
[T]he Plaintiffs would still prevail on the Motion for Summary Judgment because of the individuals’ right to access to, on and over Hudson Street, as set forth below. The Court also finds that the individual Plaintiffs, all residents of Century Village, are entitled to a Summary Judgment based on their own individual rights to proceed on, over and about Hudson Street. Within the Declarations of Condominium of both HASTINGS F and HASTINGS G CONDOMINIUM ASSOCIATIONS, it is stated on Exhibit No. 1 that the areas designated “Parking Streets” are road easements for ingress and egress over, upon and across said area for the benefit of all residents of Century Village. Hudson Street is a designated Parking Street and the individual Plaintiffs are residents of Century Village. Even though the members of the HASTINGS F and HASTINGS G CONDOMINIUM ASSOCIATION, as residents of Century Village also have an easement over Hudson Street, the majority of easement holders may not agree to impair the rights of another or other parties entitled to use the easement. Monell v. Golfview Road Association, 359 So.2d 2 (Fla. 4th DCA 1978); Sweetwater Oaks Condominium Association, Inc. v. Creative Concepts of Tampa, Inc., 432 So.2d 654 (Fla. 2d DCA 1983).
Appellants contend in the alternative that questions of fact exist concerning the use of the easement that preclude the entry of a summary judgment in this case. They argue that the Congregation’s construction *1130 of a social hall with public functions may result in Hudson Street becoming a public street used by the general public. The record before us does not contain sufficient evidence to create a question of material fact on this issue. However, we recognize that the language of the instrument creating the easement provides that the grantor may revoke the easement if it is used by adjacent landowners, other than Century Village Condominium owners. Therefore we affirm the trial court’s final summary judgment without prejudice to appellants to seek cancellation of the easement in the future, upon a sufficient showing that Hudson Street is being used in violation of the terms of the easement.
AFFIRMED.
ANSTEAD, DELL and WALDEN, JJ„ concur.