LETTS, Judge.
Before us is the question of whether a condominium association, under section 718.302, Florida Statutes (1985), can cancel recorded easements granted by the developer to third parties prior to, or simultaneously with, the creation of the association and referred to in the declaration. The trial judge held that section 718.302 was inapplicable. We agree.
Quite apart from the fact that this particular statutory provision only permits cancellation of “any grant or reservation” entered into by the association, rather than as here, the developer, we have already addressed this question in Hastings F Condominium Association, Inc. v. Perlman, 493 So.2d 1128 (Fla. 4th DCA 1986).
Standard real estate easements recorded in the public records by the developer, referred to in the declaration and prior to any unit sales, are not cancellable by a later formed association under Section 718.302, which statutory provision is clearly only directed toward contracts for vending machines, management and the like. Id. Moreover, under the facts here presented, an easement granted to anyone other than a unit owner cannot be cancelled without the consent or approval of those third parties to whom the easement was granted. Section 718.111(10), Florida Statutes (1985).
Proeedurally, we confess to being less than happy that the solution to this controversy was predicated upon the grant of a motion in limine which excluded any evidence pertinent to Section 718.302. However, a prior motion for summary judgment on this issue, together with the pretrial stipulation makes it obvious that the condominium association was not taken by surprise and that the applicability of Section 718.302 constituted the gravamen of what we now review. Moreover, it is clear that the trial judge, as a matter of law, was correct in holding Section 718.302 inapplicable. Accordingly, his doing so by resort to the grant of a motion in limine, while inartful, was not reversible under the facts of this case.
We find no reversible error in any of the other points on appeal.
AFFIRMED.
ANSTEAD and GUNTHER, JJ., concur.