STONE, Judge.
This is an appeal from an amended final judgment following a non-jury trial. The court considered several issues in determining the parties’ rights regarding submerged land adjacent to the adjoining properties of Rhoads and the Rebacks. The trial court dismissed Rhoads’ claim for in-junctive relief to enforce an easement on the surface water over the submerged land. With respect to the latter claim, we reverse.
The trial court erred in determining that it had no “jurisdiction” to grant injunctive relief, leaving this determination “to be made by whichever administrative agency ... [federal, state or local] may have jurisdiction over such matters.” The circuit court does have jurisdiction to enforce appellant’s surface easement by injunction. Cf. Monell v. Golfview Road Association, 359 So.2d 2 (Fla. 4th DCA 1978). It is undisputed that appellees are preparing to extend their dock. They have submitted plans and applications for permits to the affected government agencies. Although the denial of any of the permits could make the issue moot, the appellant has a right to seek the trial court’s discretionary protection against an impending injury, provided that the injury is imminent and more than a remote possibility. The trial court, however, made no findings with respect to these issues. Instead, it denied relief, concluding that one of the various agencies was the proper forum to determine whether the offending dock expansion would place an increased burden on Rhoads’ easement. We conclude that the trial court erred in determining it did not have jurisdiction.
All other issues raised in these consolidated appeals are affirmed. A full trial was held in which appellants had the opportunity to present the same arguments raised on this appeal. There was competent evidence to support the judgment and we cannot say, from a review of the record, that there was an abuse of discretion.
We therefore affirm in part, reverse in part, and remand for further proceedings.
DOWNEY and DELL, JJ., concur.