667 So.2d 928 (1996)
George E. RICHARDSON, Jr. and Karen Richardson, et al., Appellants,
v.
Ronald JACKSON, Richard Whitney, et al., Appellees.
No. 94-2300.
District Court of Appeal of Florida, Fifth District.
February 9, 1996.
David M. Giard of Troutman, Williams, Irvin, Green & Helms, P.A., Winter Park, for Appellants.
Ivan K. Clements, Jr. of Biernacki & Bauer, P.A., Deland, for Appellees.
THOMPSON, Judge.
This is an appeal from a final summary judgment and mandatory injunction in a dispute to determine whether improvements could be made within the boundaries of a 25 foot easement. The appellees sued the appellants to require them to remove improvements that had been constructed on property subject to the easement. The appellants argued that as long as enough space, an 8 foot path, was provided for a vehicle to enter and leave the appellees' property, improvements could be made on the remaining portion of the easement. Appellees argued that the entire 25 feet described in the easement was available for ingress and egress, not just an 8 foot path. Appellants and appellees filed motions for summary judgment. The trial court denied the appellants' motion for summary judgment, granted appellees' motion for summary judgment, and entered a mandatory injunction against the appellants which required them to remove all improvements within the 25 foot easement. The trial court also retained jurisdiction to enforce the terms of its order. We affirm.
These facts are not in dispute. The appellees received a prescriptive 25 foot easement by court order entered in 1986. The order established an easement running across the westernmost 25 feet of the appellants' properties. There was no appeal of this judgment. Subsequent to the establishment of the easement, appellants made improvements to the subject property. Some of the improvements *929 are: ornamental trees and sprinkler heads that extend at most 42 inches onto the easement; a six-foot high wooden fence running parallel to the dirt roadway at most seven inches onto the eastern edge of the easement; a chain link fence running parallel to the dirt roadway which extends at most 48 inches onto the eastern edge of the easement; and a concrete slab that is the foundation of a dog kennel within the fence that is also on the easement.
There is an 8 foot path that is used for vehicles to travel to and from the appellees' property. It is used by the appellees' personal vehicles as well as by large service vehicles. There was testimony that only one vehicle may travel the path at a time. If one vehicle is approaching another, one must back up or pull to the side. The improvements do not interfere with the appellees' access to their property. Although the improvements are within the 25 foot easement, they are not in the 8 foot path used by vehicles.
The trial court specifically found that:
6. The Final Judgement in the original case is not ambiguous. The Final Judgment clearly describes a prescriptive easement for access, ingress and egress and roadway purposes that is twenty-five feet wide over and across the property described in said Final Judgement. Said easement is not only that part where ruts have been caused by vehicular traffic but rather the entire twenty-five feet described.
7. No permanent structures may be placed in any part of the easement described in the original case.
Our decisions in Diefenderfer v. Forest Park Springs, 599 So.2d 1309 (Fla. 5th DCA), rev. denied, 613 So.2d 4 (Fla.1992) and Hoff v. Scott, 453 So.2d 224 (Fla. 5th DCA 1984) are controlling. In Diefenderfer, we determined that in cases like this, our initial concern should be to construe whether the grant of an easement is for the width described or for the description of the property over which there is a right to ingress and egress. Or put another way, is the right of ingress and egress coterminous with the area set aside for the easement or something less than the area. Id. at 1312. If we determine that the right of ingress and egress is coterminous with the area of the easement, then there can be no encroachments into the area. The language in the 1986 final judgment is similar to language in other cases where we have found the area set aside for the easement and the right of ingress and egress to be coterminous.
In Hoff, the issue before the court was whether the grant of an easement by deed permitted travel somewhere over a 20 foot area or whether the whole area was contemplated for access. The language in the deed created "[a] private roadway over, across, and upon a strip of land 20 feet wide ... such strip of land to be used in common for the right of ingress and egress." Id. at 225. We held that the language was clear and unambiguous that "the whole strip was set aside for ingress and egress." Id. Thus, no obstructions could be placed in the easement. In this case, the original judgment contained similar language to the language in Hoff. The 1986 court order granted appellees "a prescriptive easement for access, ingress and egress, roadway purposes, over and across" the appellants' properties. We see no difference in the language of the 1986 judgment which created the easement and the language in Hoff.
AFFIRMED.
GOSHORN, J., concurs.
GRIFFIN, J., dissents, with opinion.
GRIFFIN, Judge, dissenting.
I respectfully dissent. The final judgment granting the easement, which is the subject of this controversy, when read in its entirety says to me that the easement is for ingress and egress over the existing roadway and the twenty-five foot reference is meant to describe the location of this roadway which meanders from side to side within the twenty-five foot boundary.[1] The entire text of the judgment is as follows:

*930 THIS CAUSE coming for trial before the Court pursuant to order setting non jury trial dated February 12, 1986 and the Court finds:
1. That Plaintiffs are fee title holders of parts and parcels of real property comprising all of the Southwest ¼ of the Southwest ¼ of the Southeast ¼ Section 34 Township 18 South, Range 31 East, Volusia County, Florida.
2. Plaintiffs have and maintain access to their individual parcels of real property, vested in them, by a roadway lying over and across the Westerly 25 feet of Lots 1 through 6, inclusive, Block 575, Deltona Lakes Unit 21, Subdivision according to map in Map Book 27 pages 7 through 10 inclusive, Public Records of Volusia County, Florida.
3. Plaintiffs, their predecessors in title, and Plaintiffs [sic] invitees and licensees have utilized the above described roadway continuously for a period of more than 20 years prior to commencement of this action.
4. Plaintiff's [sic] use of the above described roadway has been open, notorious, and adverse to Defendants, and their predecessors in title, rights of full use and enjoyment of the real property over which such roadway is located.
IT IS THEREUPON ORDERED, ADJUDGED AND DECREED:
A. That Plaintiff's [sic], their Grantees, heirs, successors and assigns have a prescriptive easement for access, ingress and egress, roadway purposes, over and across the following described real property: The West 25 feet of Lots 1 through 6, inclusive, Block 575, Deltona Lakes Unit 21, Subdivision according to map in Map Book 27 pages 7 through 10, inclusive, Public Records of Volusia County, Florida.
B. That Defendants and all those claiming any right title and interest in the real property subject to Plaintiff's [sic] easement, by through or under Defendants, from the date of Plaintiff's [sic] Lis Pendens as heretofore filed in this action on February 11, 1985 are enjoined from interference with use of such roadway by Plaintiff [sic] or their successors in title.
DONE AND ORDERED in Chambers this 10th day of March, 1986. (Emphasis supplied.)
Hoff is distinguishable on its facts. Hoff involved the grant of an express easement described as:

A private roadway over, across, and upon a strip of land 20 feet wide along the West side of the lands of the grantors herein, which lies South of the land hereby conveyed, from the South line of the property above-described to State Road 40, such strip of land to be used in common for the right of ingress and egress.

Hoff, 453 So.2d at 225 (emphasis supplied). The Hoff court concluded this language unambiguously reflected an intent in the grantor to set aside the entire strip as a private roadway. The interpretation of the easement in this case as merely describing the property over which the dominant tenement owner has right of ingress and egress is not only mandated by the language of the judgment but is the preferred construction of such a grant. Robinson v. Feltus, 68 So.2d 815 (Fla.1953); Diefenderfer v. Forest Park Springs, 599 So.2d 1309, 1312 (Fla. 5th DCA), review denied, 613 So.2d 4 (Fla.1992).
I would reverse and order judgment entered for appellants. At least, since reasonable men (the trial judge, Judge Thompson and Judge Goshorn, to name three) disagree with my reading of the description of this easement,[2] we should remand for a hearing to determine, if possible, from extrinsic evidence the extent of prescriptive easement intended to be granted. If easement for access is over the roadway and not the entire twenty-five foot strip, then the disputed issue of whether there was interference with this right of access by the structures and plantings placed by appellants should be resolved.
NOTES
[1] This fact is plainly shown on the survey in the record.
[2] I confess I don't know what paragraph four means. As written, it has no coherent meaning.