SALCINES, Judge.
Elsie Entzminger appeals the trial court's order canceling a portion of an express written easement. The trial court erred when it did not uphold the clear and unambiguous terms of the grant of easement. Accordingly, the order is reversed.
The quit-claim deed which encompasses the property upon which Entzminger’s home has been constructed and which grants the easement in question was recorded in the public records of Polk County in 1991. The deed includes a 43.75-foot wide easement over the property immediately to the north of and abutting Entz-minger’s dominant estate. The easement was designated for the purpose of ingress and egress. In 1993, J. Bruce Thornberry and Pamela M. Thornberry purchased the property to the north of Entzminger’s which included the land which was subject to the easement (the servient estate). The legal description within the warranty deed conveying the property to the Thornberrys expressly includes Entzminger’s easement.
Approximately three years later, the Thornberrys began placing obstructions such as wooden barriers, posts, and barbed wire across and within the easement. Entzminger’s requests to the Thornberrys to remove these obstructions were to no avail. Thereafter, Entzminger filed a complaint for permanent injunctive relief against the Thornberrys for interfering with her use of the easement. At the permanent injunction hearing, the trial judge repeatedly stated that the language describing the easement in the deeds was not ambiguous. In spite of this determination, the court canceled a portion of the easement.
An easement created by express grant without reservation or restriction is permanent and can only be changed with mutual consent of the owners of the dominant and servient estates. See Fields v. Nichols, 482 So.2d 410 (Fla. 5th DCA 1985); Fla. Power Corp. v. Hicks, 156 So.2d 408 (Fla. 2d DCA 1963). Due to the fact that the grant of the easement is clear and unambiguous, the owner of the ser-vient estate had no right to place obstructions across or within the easement to prevent the full use of the easement by the dominant estate owner. See Richardson v. Jackson, 667 So.2d 928 (Fla. 5th DCA 1996). The Thornberrys’ reliance upon Hoff v. Scott, 453 So.2d 224 (Fla. 5th DCA 1984), to support their position that the cancellation of a portion of the easement was proper, is misplaced. In fact, Hoff supports Entzminger’s right to use the easement without interference. See also White Sands, Inc. v. Sea Club V Condominium Ass’n, 581 So.2d 589 (Fla. 2d DCA 1990)
The order of the trial court is reversed. On remand the trial court shall grant in-junctive relief to Entzminger for the full use of the entire easement in accordance with this opinion.
Reversed and remanded with instructions.
BLUE, A.C.J., and FULMER, J., Concur.