816 So.2d 143 (2002)
SAND LAKE SHOPPES FAMILY LIMITED PARTNERSHIP, Appellant,
v.
SAND LAKE COURTYARDS, L.C., et al., Appellees.
No. 5D01-1534.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
Rehearing Denied May 16, 2002.
Daniel B. Lacesa of Daniel B. Lacesa, P.A., Boca Raton, for Appellant.
Michael E. Marder and Amanda L. Chapman of Reenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Orlando, for Appellee Sand Lake Courtyards.
Gerald S. Livingston and Aileen M. Reilly of Livingston & Reilly, P.A., Orlando, for Appellee Sterling Media.
COBB, J.
The issue raised by this appeal is whether the lower court erred in dismissing with prejudice the first amended complaint of Sand Lake Shoppes Family Limited Partnership (Shoppes). According to that complaint Shoppes, which is a retail strip mall, acquired an easement for ingress and egress over a parcel of land owned by *144 Sand Lake Courtyards, L.C. (Courtyards). This land is adjacent to the strip mall. The relevant portion of the easement reads as follows:
[Courtyards] grants to [Shoppes] its successors and assigns, and all tenants and licensees of parcel 2, an easement for the purpose of vehicular and pedestrian ingress and egress to and from Sand Lake Road over, across and upon all of that certain parcel of land.... Notwithstanding the foregoing [Shoppes] agrees and acknowledges that the easement granted in this paragraph is strictly limited to ingress and egress to and from Sand Lake Road and that no right has been granted herein which allows ingress and egress across parcel 1 to and from Orange Blossom Trail. (Emphasis supplied).
According to Shoppes, Courtyards applied for a billboard sign permit with Orange County and the application called for the erection of a billboard "over and across Shoppes' easement for ingress and egress." Eventually, the billboard was erected[1] and, according to the complaint, stands "squarely on Shoppes ingress and egress easement." It is then alleged:
As a result of the billboard erection, Shoppes has been substantially limited in its ingress and egress of the easement, substantially interfered with its use and enjoyment of road use, advertising, as well as potential liability in tort for injuries resulting on the property wherein its easement is located attributable to the billboard as well as costs and attorney's fees.
In Count I of its complaint Shoppes asked for a declaratory judgment to the effect that its easement is dominant over the "entire parcel" and is being reduced and infringed upon by the billboard. In a "private nuisance" count, Shoppes asserted that the billboard interfered with its property rights including a decrease in visual appeal, advertising due its tenants from road views, falling debris, corrosive effects from wear and tear, and a decrease in fair market value. Finally, in the third count of its complaint, Shoppes asked the lower court for a permanent mandatory injunction finding, among other things, that the billboard caused irreparable damage because ingress/egress was "substantially diminished." Shoppes stated the easement document made it clear that they had a right of ingress/egress "over the entire parcel of land, including the area where the billboard is erected...."
Courtyards' motion to dismiss the first amended complaint alleged that the easement was "strictly limited to ingress and egress" to and from Sand Lake Road and that this express language negated the various substantial interference claims raised in the first amended complaint. In short, Courtyards maintained that it had a right to use the easement property in any reasonable manner as long as Shoppes still had actual ingress/egress.
In dismissing, the trial court found that the language in the easement, a copy of which was annexed to the complaint, strictly limited Shoppes to ingress and egress and this constituted an express negation of the complaint's allegations in regard to substantial interference with the latter's use and enjoyment of the easement. The trial court distinguished our opinion in Diefenderfer v. Forest Park Springs, 599 So.2d 1309 (Fla. 5th DCA), rev. denied, 613 So.2d 4 (Fla.1992) on the basis that "that case involved the construction of a wall in *145 the 50 foot easement area leaving areas of only 30 to 35 feet for ingress and egress." The trial court found that Courtyards, as the servient owner, could use the land in a way that would not interfere with Shoppes' easement. The crucial point to the trial judge was that Shoppes had not alleged that it had entirely lost the use of the land encumbered by the easement for ingress and egress.
We agree with Shoppes that the trial judge misconceived the issue and the applicable case law. The question is not whether Shoppes has been entirely deprived of ingress and egress, but, rather, whether or not there has been any interference of its right to free passage over the easement to the degree and amount originally contemplated by the parties. Tortoise Island Communities, Inc. v. Roberts, 394 So.2d 568 (Fla. 5th DCA 1981).
In Kagan v. West, 677 So.2d 905 (Fla. 4th DCA 1996), there was a violation where the easement holders enjoyed an easement over the entire area of access. In Hoff v. Scott, 453 So.2d 224 (Fla. 5th DCA 1984), the owners of a 20 foot express easement for ingress and egress were granted the easement by language of a deed that was not ambiguous and that had made it clear that the whole strip was set aside for ingress and egress. Thus, the servient owner had no right to place permanent obstructions in the described easement area that would prevent the dominant tenement owner from freely passing over any part of the easement. Considerations about what might have been reasonably necessary for the dominant tenement owners' use or needs were simply not appropriate or relevant. In Diefenderfer, the appellant appealed from a final judgment rendered after a non-jury trial which denied his application for a mandatory injunction. The injunction would have required Forest Park Springs to remove portions of a concrete block and masonry subdivision wall which encroached on Diefenderfer's 50 foot right-of-way easement for ingress and egress. The court basically denied the mandatory injunction because the wall did not impair Diefenderfer's use of the easement at the present time. Apparently, this was due to the fact that Diefenderfer still had remaining for his use a 30 to 35 foot area outside of the wall's encroachments. Diefenderfer had been using at the most a 12 foot wide strip for a dirt road to access his lot and he was not affected by the wall. On appeal, this court reversed indicating that courts must determine whether the easement is a description of the easement's dimensions or whether it is merely descriptive of the property over which the dominant tenement owner has right of ingress and egress from his lot sufficient to accommodate his actual and reasonable needs. Ordinarily, easements "over" a described area would be given the latter interpretation. Where there is an express grant of easement the proper construction of the grant must be arrived at by looking at what the original parties intended, as well as their successors in title as manifested by both the circumstances, and the actions and statements of the people involved. This court held that the servient tenant owner, Forest Park, could not put up permanent obstructions of any nature in any part of the easement area. Considerations about what Diefenderfer's needs were or what he was using were not relevant or appropriate.
In Richardson v. Jackson, 667 So.2d 928 (Fla. 5th DCA 1996), this court held:
Our decisions in Diefenderfer v. Forest Park Springs, 599 So.2d 1309 (Fla. 5th DCA), review denied, 613 So.2d 4 (Fla. 1992) and Hoff v. Scott, 453 So.2d 224 (Fla. 5th DCA 1984) are controlling. In Diefenderfer, we determined that in *146 cases like this, our initial concern should be to construe whether the grant of an easement is for the width described or for the description of the property over which there is a right to ingress and egress. Or put another way, is the right of ingress and egress coterminous with the area set aside for the easement or something less than the area. If we determine that the right of ingress and egress is coterminous with the area of the easement, then there can be no encroachments into the area.
In the instant case the easement is not ambiguous. The language "... vehicular and pedestrian ingress and egress to and from Sand Lake Road over, across and upon all of that certain parcel of land which appears described on Exhibit C" clearly indicates that Shoppes' easement is dominant over the entire parcel and, as such, cannot be reduced and infringed by the erection of this billboard. Thus, the first amended complaint should not have been dismissed.
REVERSED AND REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] The billboard is 40 feet in height. The ground clearance from the bottom of the sign to the ground is 28 feet. The maximum copy area of the sign face is approximately 382 feet.