COHEN, J.
 

 ON MOTION FOR CLARIFICATION
 

 We grant Appellants’ motion for clarification and substitute the following in lieu of the original opinion.
 

 Darryl Roberson and Leslie Hardy Roberson are neighbors of Larrie and Julie Kitchen. The Robersons and Kitchens share a common gated entrance and driveway leading to their respective properties. Prior to either party’s ownership, the lots were once a single parcel. In 1973, the land was subdivided, and an easement for ingress and egress was created benefiting the servient estate, the lot currently owned by the Kitchens. The Kitchens purchased their home in 1986, the Robersons in 2002. Included within the legal description of the Robersons’ property was an express easement described as:
 

 [Tjogether with an Easement for Ingress and Egress described as follows: The East 50 feet of the West 183 feet of the North 203.8 feet and also the South 50 feet of the North 253.8 of the East 80.645 feet of the West 213.645 feet of said Lot 76.
 

 In 2007, the Robersons undertook construction at their home. During this time, large trucks traversed the easement to deliver construction supplies. Although the turn from the drive easily accommodated automobiles, it was too tight for larger trucks and they apparently drove onto the Kitchens’ property for ease of navigation. In response, the Kitchens installed railroad ties in an effort to keep the trucks off their property. The ties were placed within the boundaries of the easement.
 

 
 *814
 
 During this entire time, neither the Kitchens nor the Robersons went to the trouble of calling or visiting each other to informally resolve what was a temporary problem. Instead, the Robersons reacted to the railroad ties by filing a lawsuit seeking injunctive relief. The Kitchens immediately removed the railroad ties and other small plants within the easement. Nonetheless, the case proceeded to trial. At trial, contrary to the relief sought in the complaint, the Robersons did not seek removal of the brick and wrought iron gate or large trees lining the roadway within the easement, all of which pre-existed the Robersons’ purchase of their property. When the smoke cleared, the trial court gave the Robersons the relief they requested at trial. The final judgment prohibited removal of the gate or trees within the easement,
 
 [1]
 
 and enjoined the Kitchens from placing any posts or permanent obstructions that would encroach upon the Robersons’ ingress and egress, but allowed the Robersons to trim or remove any tree or bush to the extent it impeded their ingress and egress. By this, the trial judge meant reasonable and customary ingress and egress. We find no error in the relief fashioned by the court’s judgment.
 
 See Johnson v. Killian,
 
 157 Fla. 754, 27 So.2d 345 (1946);
 
 Davis v. Joyner,
 
 409 So.2d 1193 (Fla. 4th DCA 1982).
 

 However, the trial court’s interpretation of the extent of the easement created was error. We conclude the easement, as written, is unambiguous, encompasses the entirety of the described tract, and is not merely descriptive of the property over which the Robersons had a right of ingress or egress.
 
 [2]
 

 See Sand Lake Shoppes Family Ltd. P’ship v. Sand Lake Courtyards, L.C.,
 
 816 So.2d 143 (Fla. 5th DCA 2002). Upon remand, the trial court shall enter an amended final judgment consistent with the foregoing.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 

 GRIFFIN and TORPY, JJ., concur.
 

 [1]
 

 . The parties agreed the Robersons could remove one pine tree at the turnoff to the Roberson home.
 

 [2]
 

 . The written judgment is somewhat vague on this issue. However, the trial court's oral findings and rehearing order clearly found the easement was descriptive in nature.