WOLF, J.
Appellant, J. Frank Dama, challenges a judgment granting a mandatory permanent injunction requiring the removal of a sign he erected. Appellant raises a number of issues, and we find one has merit: the trial court erred in granting a mandatory permanent injunction based on its finding that the placement of the sign is inconsistent with appellee’s purported easement. We, therefore, reverse and direct entry of a final judgment in favor of appellant.
On September 3, 2009, appellee, Bay Bank & Trust (Bank), filed an amended complaint against appellant, owner of the main parcel of the shopping center where the Bank is located. The Bank asserted appellant was constructing a sign on a portion of his land over which the Bank had an easement “by virtue of that certain Concurrent Declaration and Agreement recorded in the Official Records Book....” The sign was being constructed on a strip of land owned by appellant, on which there was also a driveway. The Bank sought temporary and permanent injunctions requiring appellant remove the sign.
Appellant defended based on his assertion that the documents in question were insufficiently clear to create an easement, and even if an easement was created, the *828 erection of the sign was not inconsistent with the easement. The trial court granted the injunction requiring removal of the sign.
We determine the placement of the sign did not interfere with any access rights owned by the Bank and, therefore, reverse.
The Bank relies on a number of cases in support of its assertion that the sign interfered with its rights under the easement; these cases are distinguishable. In Sand Lake Shoppes Family Ltd. Partnership v. Sand Lake Courtyards, L.C., 816 So.2d 143, 144 (Fla. 5th DCA 2002), the plaintiff filed a complaint alleging it had an easement for “ingress and egress ... across and upon all of that certain parcel of land” owned by the defendant. Id. The recorded easement further stated “the easement granted in this paragraph is strictly limited to ingress and egress to and from Sand Lake Road,” and not “to and from Orange Blossom Trail.” Id. at 144. Subsequently, the defendant erected a billboard the plaintiff alleged stood “squarely on” its “ingress and egress easement” which “substantially interfered with its use and enjoyment of road use ... [and] substantially diminished” ingress and egress. Id,. The trial court dismissed the complaint with prejudice because the plaintiff did not allege that its ingress and egress was completely blocked. Id.
The Fifth District reversed the dismissal of the complaint and remanded, finding “[t]he question is not whether Shoppes has been entirely deprived of ingress and egress, but, rather, whether or not there has been any interference of its right to free passage over the easement to the degree and amount originally contemplated by the parties.” Id. at 145 (emphasis added). The court found the language of the easement, which provided the plaintiff “ingress and egress ... across and upon all of that certain parcel of land,” was not ambiguous and “clearly indicates that [Shoppes’] easement is dominant over the entire parcel and, as such, cannot be reduced and infringed by the erection of this billboard.” Id. at 146 (emphasis added).
The Sand Lake court relied in part on Hoffv. Scott, in which the court found “the owners of a 20 foot express easement for ingress and egress were granted the easement by language of a deed that was not ambiguous and that had made it clear that the whole strip was set aside for ingress and egress.” Sand Lake, 816 So.2d at 145 (citing Hoff v. Scott, 453 So.2d 224 (Fla. 5th DCA 1984)) (emphasis added). The Hoff court concluded,
[t]hus, the servient owner had no right to place permanent obstructions in the described easement area that would prevent the dominant tenement owner from freely passing over any part of the easement. Considerations about what might have been reasonably necessary for the dominant tenement owners’ use or needs were simply not appropriate or relevant.

Id.

The Sand Lake court noted similarly in Diefenderfer v. Forest Park Springs, 599 So.2d 1309 (Fla. 5th DCA 1992), the Fifth District found where an easement granted a “50 foot right-of-way easement for ingress and egress,” the easement covered the full 50 foot area. Sand Lake, 816 So.2d at 145. Therefore, the Diefenderfer court concluded, a servient tenement owner could not erect permanent obstructions of any sort, regardless of the fact the obstructions still left the dominant tenement holder a 30- to 35-foot right-of-way and the dominant tenement holder had never used more than a 12-foot wide strip of that land for ingress and egress. Sand Lake, 816 So.2d at 145. The Diefenderfer court concluded the pi'oper analysis was “what the original parties intended,” and *829 not the current use of the land. Sand Lake, 816 So.2d at 145 (citing Diefenderfer, 599 So.2d 1309).
Sand Lake, Hoff, and Diefenderfer all hinged on the intent of the parties as evidenced by the written easements, finding where the documents provided an easement for the entirety of a specific piece of land, the servient tenement holder could not reduce or infringe the ability to ingress or egress across even a portion of that land.
Here, the clear intent of the parties was not to create an easement for ingress and egress over the entirety of a specific piece of land. Instead, the parties specifically stated in the Agreement, relied on by the Bank, that the easement identified in the Agreement was to apply only to “common areas” that were actually “devoted to the use by the general public” for ingress and egress, and that structures could not be built in these areas that would “prevent or substantially impair such mutual access.”
In addition, paragraph 5 of the Agreement notes a “portion of the Shopping Center Parcel being acquired by [appellant’s predecessor in interest] serves as an access corridor.” However, the Agreement does not specify this corridor shall encompass the entirety of the strip of land owned by appellant at issue here. Moreover, stating that the land “serves” as an access corridor clearly indicates it was already serving as such when the Agreement was recorded in 1979. The Bank concedes the driveway has been there since before it was deeded the property in 1982, and the Bank’s president and appellant both testified as far as they knew, the driveway has always been in the same spot and the land where the sign is located has never been used for ingress or egress.
Courts have found where, as here, an instrument creates generally “an easement for ingress and egress,” the “instrument should be construed as having created a nonexclusive easement allowing [the ser-vient tenement owner] any use of the land which does not interfere with [the dominant tenement owner’s] rights under the easement.” Stephens v. Dobbins, 511 So.2d 652 (Fla. 2d DCA 1987) (emphasis added) (reversing trial court’s finding that easement for ingress and egress prevented servient tenement owner from any use of the property). See also Tortoise Island Cmtys., Inc. v. Roberts, 394 So.2d 568, 569 (Fla. 5th DCA 1981) (finding where plaintiffs had an easement over a canal that crossed the defendant’s island, the defendant was not prohibited from building a bridge over that canal as long as it did not “materially interfere” with the plaintiffs’ easement rights); Sandlake Residences, LLC v. Ogilvie, 951 So.2d 117, 122-123 (Fla. 5th DCA 2007) (reversing trial court’s grant of temporary injunction where a dominant tenement holder sought to have an electric gate removed from property over which it had an easement, finding the dominant tenement holder failed to demonstrate a likelihood of successfully proving the gate “unreasonably interfered” with its right of ingress and egress); Roberson v. Kitchen, 12 So.3d 813, 813-814 (Fla. 5th DCA 2009) (finding although an easement for ingress and egress clearly “encompasses the entirety of the described track,” the servient tenement holder was not required to remove an “iron gate or large trees lining the roadway,” and was prevented only from erecting “permanent obstructions” that would “encroach upon the [dominant tenement holder’s] ingress and egress”).
Thus, even if the Bank were correct in arguing the sign is within the area encompassed by the easement, the Bank has failed to demonstrate the sign would “substantially impair” its right to ingress or *830 egress as provided in the Agreement. The judgment is REVERSED.
DAVIS, J., concurs, and WETHERELL, J., concurs in result.