PER CURIAM.
This is an appeal from a final decree of the Circuit Court for Indian River County, State of Florida, in a suit brought by the plaintiff, Sebastian River Drainage District, to obtain a declaratory decree as to the rights and duties of the plaintiff and defendants under a written drainage easement. The easement had been conveyed in 1942 by the plaintiff to Graves Brothers Company, the defendants’ predecessor in title to the land served by the easement. The easement was for the purpose of draining surface water from a large tract of land into a ditch owned by the plaintiff and located on a strip of land adjacent to the west side of the Sebastian River Drainage District. The north half of the tract is presently owned by the defendants Sidney D. Ansin, Ro-Ed Corporation and Anwelt Corporation and the south half is owned by the defendants Hugh Corrigan, C. E. Cor-rigan, his wife, Hugh Corrigan, III, and J. Pat Corrigan. By counterclaims, the defendants alleged ownership of the easement and, in effect, that it was a substitute for their natural rights of drainage across the land owned by the plaintiff. The counter claims demanded a declaratory decree clarifying the defendants’ rights to drain their property into the ditch as well as the plaintiff’s duty to maintain the ditch.
The trial court based its interpretation of the easement on evidence relating to the character of the dominant and servient land, its use, and the situation of the parties to the easement, at the time the easement was created. Such is an authorized means of interpreting easements which are ambiguous or expressed in general terms. Kotick v. Durrant, Fla.1940, 143 Fla. 386, 196 So. 802; Robinson v. Feltus, Fla.1953, 68 So.2d 815; Kingdon v. Walker, Fla.App.1963, 156 So.2d 208. On the basis of such evidence and the language of the written easement, the trial court arrived at its conclusions as to the intention of the parties at the time the easement was conveyed. This was the proper measure of the rights and duties created by the easement. Crutchfield v. F. A. Sebring Realty Co., Fla.1954, 69 So. 2d 328.
Although there were conflicts in the evidence, the trial court’s findings of fact were supported by competent substantial *59 evidence and its conclusions reached by the correct application of well established principles of law. From our review of the record, and particularly the easement and deed restrictions in the defendants'" chain of title, we conclude that the drainage rights of the defendants on the land of the plaintiff were solely limited to those rights accruing from the easement in question, and we find no clear error in the trial court’s declaration of those rights: '
What was said in Dade County v. South Dade Farms, 1938, 133 Fla. 288, 182 So. 858, at page 862, applies equally here:
“It seems that the lower court did its very best to do substantial justice as between the parties with a very stubborn set of facts.”
For the foregoing reasons, the final decree is affirmed.
Affirmed.
WALDEN, C. J., REED, J., and MUR-PHREE, JOHN A. H., Associate Judge, concur.