MITCHELL, HENRY CLAY, Jr., Associate Judge.
The issue on appeal is whether or not the installation of an underground utility septic tank with a drain field and underground utility water lines would violate the terms of the easement granted to the owners. We find that the construction of the drain field and septic tank would not violate the easement and reverse.
The appellee sought an injunction to restrain the appellants from constructing a septic tank and drain field on the appellants’ waterfront property. Appellee owned an easement which she claimed prevented the underground installation on the appellants’ property. The trial court found *371 that the underground septic tank and drain field would obstruct or interfere with the appellee’s use of her easement and issued a final order of injunction.
Appellee acquired her easement in 1951 when the grantors granted persons in a certain subdivision a perpetual and exclusive right or easement to walk upon or to use for boating, bathing, and non-commercial fishing, and otherwise to enjoy the beaches or waterfront. Further, the grantors, their heirs or assigns were prohibited from building any structure on the land subject to the easement. The septic tank and drain field which appellants were attempting to build would service a cottage they are constructing which is not on property subject to the easement, and the septic tank would extend onto easement property only underground.
The trial court placed too broad an interpretation on the clause which prohibited the grantor from erecting or causing to be erected upon the land, subject to the easement, any structure or building. It is clear the grantor intended to assure common law rights to the grantees such as those of a riparian owner: view, ingress and egress, bathing, boating, fishing and enjoyment of the waterfront. These are the rights specifically expressed in the easement. The appellee’s easement to enjoy the surface use of the land does not prevent the appellants, as owners of the underlying fee, from placing utilities underground in such a way that surface use of the land is not obstructed in any way. The rights of an owner of an easement and the rights of the owner of the servient land are not absolute, but are limited so that each party may reasonably enjoy the property. See Reiger v. Anchor Post Products, Inc., 210 So.2d 283 (Fla. 3d DCA 1968) and Crutchfield v. F. A. Sebring Realty Co., 69 So.2d 328 (Fla.1954). We find that the septic tank, drain field and water lines would not fall within the definition of “structure” as used ih the easement. The word “structure”, as used in a covenant not to erect any structure in front of premises facing the ocean, has been said to mean something which will interfere with the use of the street as a promenade or will obstruct the view of the abutting property owners. See Hulett v. Sea Girt, 106 N.J.Eq. 118, 150 A. 202, aff'd. 108 N.J.Eq. 309, 154 A. 741 (1931).
None of the uses described in the easement even remotely refer to the subsurface of the land involved. An underground tank, placed at a proper distance underground or an underground pipe, would not disturb surface use by the grantees for the purposes provided in the easement. Since we find that the underground construction would not interfere with a reasonable and fair enjoyment of the easement, the case is reversed and remanded with instructions that the trial court dissolve the injunction.
REVERSED AND REMANDED.
MILLS, Acting C. J., concurs.
BOOTH, J., dissents.