394 So.2d 568 (1981)
TORTOISE ISLAND COMMUNITIES, INC., et al., Appellants,
v.
Keith M. ROBERTS et al., Appellees.
Nos. 79-860/T4-504, 80-691.
District Court of Appeal of Florida, Fifth District.
March 4, 1981.
*569 Andrew A. Graham and Gary E. Brinson, Melbourne, for appellants.
Pierce Wood, Melbourne, for appellees.
SHARP, Judge.
Tortoise Island Communities, Inc., appeals from a judgment permanently enjoining it from interfering with appellees' (a group of subdivision lot owners) canal easements which crossed the appellants' island to give the appellees access to the Indian River. The canal, known as the Moorings Cut, was not appellees' only access to the Indian River, but an easement over it had been expressly granted by a prior common grantor to each of them, and their deeds were of record. On appellants' motion for clarification the trial court modified its judgment by adding a permanent injunction against appellants from building any kind of bascule bridge over the canal. We affirm the original judgment and reverse the modification.
The rights of the owners of an easement over a "servient estate" are not absolute and unlimited. They are limited so that each party may reasonably enjoy his respective property rights. Costin v. Branch, 373 So.2d 370 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1190 (1980). The holder of a deeded or express easement has essentially the right of free passage over the easement to the degree and amount originally contemplated by the parties.[1] The owner of the servient estate may, however, use his land, including the easement, in such a way that will not interfere with the easement owner's right of passage. Butler v. Haley Greystone Corp., 352 Mass. 252, 224 N.E.2d 683 (1967); Edwards v. Julian, 192 Pa.Super. 121, 159 A.2d 547 (Pa. Super. 1960); North Union Canal Co. v. Newell, 550 P.2d 178 (Utah 1976).
The record in this case fails to show any basis to sustain the permanent injunction against any kind of bascule bridge under any circumstances. Florio v. State, 119 So.2d 305 (Fla. 2d DCA 1960); A. & P. Food Stores, Inc. v. Kornskein, 121 So.2d 701 (Fla. 3d DCA 1960). The appellants may be able to bridge the canal so as not to materially interfere with appellees' easement rights, and they should not be foreclosed from making such a showing. The judgment is therefore
AFFIRMED in part and REVERSED in part.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328 (Fla. 1954); Corrigans v. Sebastian River Drainage District, 223 So.2d 57 (Fla. 4th DCA 1969).