541 So.2d 1263 (1989)
NORMANDY B. CONDOMINIUM ASSOCIATION, INC., and Sol Gordon, Appellants,
v.
NORMANDY C. ASSOCIATION, INC., Appellee.
No. 87-2655.
District Court of Appeal of Florida, Fourth District.
March 15, 1989.
Rehearing, Clarification and Certification Denied May 16, 1989.
Dennis J. Powers of Commander, Scott, Henderson and Powers, P.A., Palm Beach, for appellants.
Daniel S. Rosenbaum and Keith F. Backer of Becker, Poliakoff & Streitfeld, P.A., West Palm Beach, for appellee.
Peter S. Sachs of Sachs & Sax, P.A., Boca Raton, for amicus curiae  Kings Point Community Ass'n, Inc.
PER CURIAM.
An easement exists in favor of every owner of a condominium unit in Kings Point Community (Kings Point) "for passage over and across" the roads within the community.
Appellees, residents of Normandy C Condominium of Kings Point, placed "speed bumps" on Normandy Lane, a roadway located between their units and the units of Normandy B Condominium.
Appellants, residents of Normandy B Condominium and a resident of Normandy F Condominium, filed a complaint seeking an injunction for the removal of the "speed bumps." The trial court finding "the plaintiff failed to prove ... irreparable injury ... if the defendant is allowed to retain the speed bumps" denied the relief sought.
Much of the testimony below dealt with the effect on traffic safety and the extent of any inconvenience with or without the "speed bumps."
Monell v. Golfview Road Association, 359 So.2d 2 (Fla. 4th DCA 1978) stands for the proposition that when the encroachment on an easement is willful and intentional the doctrine of balancing conveniences is inappropriate and the party so encroaching may not use mere inconvenience as a defense to a demand for removal.
While we sympathize with the plight of the trial judge to remedy the traffic hazards found to exist, under the facts of this case, the permissible legal solution cannot be the derogation of the rights of other common owners, and accordingly, we reverse and remand for further proceedings consistent herewith.
GARRETT, J., and CARNEY, ROBERT B., Associate Judge, concur.
LETTS, J., concurs specially with opinion.
LETTS, Judge, concurring specially.
I reluctantly concur because I believe Monell, a decision out of this court, controls the outcome. However, under the *1264 facts of this case, I have sympathy for the result reached by the trial judge.