WARNER, Judge.
This is an appeal from a final judgment determining that references to utility lines, mains or pipes in a deeded easement did not include sewer lines, thus precluding the property owners from using the easements for the installation and maintenance of sewer lines. For the following reasons we reverse.
Appellants own about 31 acres in the Seminole Club Addition, a grouping of various land parcels described in these proceedings as parcels A, B, C, D through H, I, J, and Lots 13 through 17. Appellants are seeking to develop their land. In order for the county to approve their plans, the county required the appellants to prove the validity of easements for road widening and sewer line installation over Seminole Boulevard which connects the property to U.S. 1. To accomplish this, Appellants filed suit for declaratory relief against Seminole Landing Association which owns the southern half of Seminole Boulevard. While both the road widening issue and the sewer line issue were tried to the court below, on appeal the appellants complain only of the trial court’s rulings with respect to the establishment of an easement for sewer lines. Therefore, we will limit our discussion to this issue.
Appellants claim that their right to install sewer lines derives from the language *1291 of the various deed reservations on some of the parcels. All parties agree that no reservations for easement were contained in deeds to parcels B and C. Parcel A provided for an easement “over and across” Seminole Boulevard. Deeds for parcels D through H granted an “easement and right of way over the private road as now laid out and in use and shown on the plat of said Seminole Club Addition” (emphasis supplied). The deed for these parcels also provided for another easement over a strip of land thirty feet wide just west of the westerly line of the platted property. This easement was for the purpose of “constructing, maintaining and otherwise using of water, gas, electricity, sewer and other utility pipes, mains, lines, [and] poles.... ” That easement ran north and south and extended to Seminole Boulevard. The plat of Seminole Landings itself, of which Seminole Boulevard was a part, included a reservation for the construction and maintenance of utilities along the subject street.
Deeds to parcels I, J, and the platted lots 10-17 contained an easement for right-of-way over the private roadways “as now laid out and in use and shown on plat.” These deeds also provided for an easement “for all purposes of ingress, egress and travel, for laying and maintaining underground electric light and power transmission, telephone, water, gas and utility lines, mains or pipes, over under and along the said roadways shown on said plat” [Seminole Addition].
The trial court determined in the Final Judgment that all parcels of property except B and C had easements for ingress, egress, water, electric, and any other purpose that did not unreasonably increase the burden on the appellee’s property but that the installation of sewer lines would increase the burden unreasonably. Therefore, the request to use the easement for the installation of sewer lines was denied.
With respect to the easements contained in the deeds to parcels I, J, and the numbered lots, all of those deeds contained an express reservation for the construction of utility lines. Appellee argues that a sewer line is not a utility line within the meaning of the easement. However, we cannot reach such a conclusion. “Utilities” as a matter of common understanding includes sewer systems. See section 367.-021(12), Florida Statutes (1989), which includes sewer system in the definition of “utility”. Webster’s New World Dictionary 1605 (College ed. 1966) defines utility as “something that serves the public”. Surely that includes a sewer system. Furthermore, the easement in question provides for the maintenance of telephone and electric lines and water, gas and utility pipes. What other types of utilities would be contemplated in the use of the word utility if not sewer lines? Therefore, we hold that the unambiguous language of the easement allows for the installation of sewers along the easement of these parcels.
However, with respect to parcels D through H we apply a different analysis. The deeds to those parcels granted an easement and right-of-way over the private road shown on the plat. An easement for utilities was included over a specifically described portion of property, but this piece connected to Seminole Boulevard along which a utility easement existed as contained in the plat of Seminole Landing. Thus, in construing the easement:
[T]he determination of the extent and nature of an easement granted or reserved in express terms by deed depends on a proper construction of the language of the instrument, for an examination of all of the material parts thereof, and without consideration of extraneous circumstances.
Kotick v. Durrant, 143 Fla. 386, 196 So. 802 (1940). The trial court concluded that the reservation amounted to an unrestricted easement which entitled appellant to use appellee’s property “for any purposes incidental and necessary to the reasonable and proper enjoyment of the easement.” We agree with this conclusion. However, we do not agree with the court’s second con- *1292 elusion that installation of sewer lines down Seminole Boulevard Would unreasonably expand the easement beyond what was contemplated at their creation.[1]
In Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328 (Fla.1954) the court held that:
... a general principle governing all easements ... that the burden of the right of way upon the servient estate must not be increased to any greater extent than reasonably necessary and contemplated at the time of initial acquisition. (Citation omitted). “Every easement carries with it by implication the right, sometimes called a secondary easement, of doing what is reasonably necessary for the full enjoyment of the easement itself ... [but] the right is limited and must be exercised in such a reasonable manner as not injuriously to increase the burden upon the servient tenement ...” (Emphasis supplied). 28 C.J.S. Easements, § 76(b), pages 754. “According to the present state of authorities, it appears that the grantee of a right of way is not entitled to increase the legitimate burden ... and the legal extent of the right ... must, it seems, be ascertainable from the intention of the parties at the time when the right was created." (Emphasis supplied.)
69 So.2d at 330. As noted before, the plat of Seminole Landing and the reservations in deeds to parcels I, J and the numbered lots all contemplated the installation of utilities along Seminole Boulevard. The easements in the deeds to parcels D through H contemplated the installation of sewers along a strip of property which connected to Seminole Boulevard, and this would connect to the easement for utilities reserved along that road. Therefore, it cannot be said that the installation of sewer lines along Seminole Boulevard was beyond what was contemplated at the time of the creation of the easements.
The testimony at trial indicated that the pipe which would be installed to service parcels I, J and the numbered lots which have an express right to install utilities down the road would be of a sufficient size to service the remaining properties. Therefore, no greater disruption of the easement will be made as a result of adding additional customers to the sewer line. When complete, the line itself will be underground and will not injure appellee’s property. Therefore, the trial court erred in determining that appellants were not entitled to install sewer lines along Seminole Boulevard. The deeds to the various parcels make clear that the installation of sewers was contemplated at the time the easements were created.
Appellee asserts that the size of the development contemplated by appellants is not compatible with the present low density residences in the surrounding area. Thus, they argue that allowing all of these sewer connections will increase the burden on their lands. However, that is an issue beyond the interpretation of the easement. The easement contemplates that a sewer line can be installed. The fact that it may serve more customers than appellee thinks it should is not material to the right to install it granted under the easement. While “the law does not permit cancellation of property restrictions for the purpose of accommodating the best or most profitable use of a particular piece of property affected by the restriction, AC Associates v. First Nat. Bank of Florida, 453 So.2d 1121 (Fla. 2d DCA 1984), neither does it prohibit the use of an easement because the ser-vient tenant believes the dominant tenant’s plan for his property is not to the servient tenant’s liking. Cf. Hoff v. Scott, 453 So.2d 224 (Fla. 5th DCA 1984).
*1293 Reversed and remanded for entry of a judgment granting the request to use Seminole Boulevard for installation and maintenance of sewer lines.
ANSTEAD and STONE, JJ., concur.

. The trial court's conclusion was based in part on testimony that in order to comply with county requirements Seminole Boulevard would have to be four-laned and sewer lines would have to be installed. Therefore, the court’s conclusion that the burden would be unreasonably increased revolved around the installation of sewers coupled with road widening. Since the appellant has not appealed that portion of the order determining that the road may not be widened, we are not considering an increase of the burden by the widening of the road.