SHEVIN, Judge.
BHB Development, Inc., John Mazur, Brian H. Bauer and Pamela Bauer, his wife, and Kenneth Adams, Trustee [collectively “BHB”], appeal a final judgment in favor of plaintiff Bonefish Yacht Club Homeowners Association, Inc. [“Association”][1], directing BHB to remove any gates which exist across the easement and forbidding future installation of gates. We affirm.
A February 1995 final judgment entered in a prior lawsuit between the parties granted the Association, and its successors, a private right-of-way easement for ingress and egress for recreational use of the Atlantic Ocean over a portion of BHB’s property.[2] Subse *1176 quently, BHB erected a locked gate across the easement and offered keys to the Association.
In October 1995, the Association filed an action against BHB seeking a declaration whether BHB could erect a gate across the easement and an injunction enforcing the easement and ordering BHB to remove the gate. BHB answered, denying the complaint allegations and asserting that it was entitled to erect the gate for security purposes so long as the gate did not unreasonably interfere with the Association’s right of passage.
The parties agreed to permit the court to treat the hearing on the motion for temporary injunction as a final hearing based upon a stipulation that no genuine factual issues existed. Counsel proffered the parties’ testimony so that the court could resolve issues of law. The parties also stipulated that the Association is entitled to use the easement for vehicular traffic. BHB contended that the gate was necessary for the security of the servient estate and that the gate did not unreasonably interfere with the rights of the dominant estate. In response, the Association contended that no interference was permissible.
The proffered testimony indicated that the gate was not present until after the easement grant, that BHB erected the gate for security purposes, that the Association condominium owners were inconvenienced by the gate, and that the easement was used as a road. The court entered a final judgment in favor of the Association stating that
the [Association] and all parties claiming a right to the easement as set forth in the final judgment referred to herein shall be entitled to use the easement free and clear of any interference, including any gates, fences or locks which may have been erected or installed over and across portions of the easement. Mindful of the announcement that the lock has been removed, the Court herewith directs ... BHB to remove any gates which exist across the easement with thirty days ... and to forebear from erecting or installing any additional fences, gates or locks which cross over the easement in any way.
BHB appeals.
We affirm the trial court’s order. In determining whether the trial court properly granted the injunction, we apply the general rule concerning the propriety of erecting a gate across an easement which states that
the grant of a way without reservation of the right to maintain gates does not necessarily preclude the owner of the land from doing so, and unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances that such was the intention, the owner of the servient estate may erect gates across the way, if they are constructed so as not to interfere unreasonably with the right of passage. (Emphasis added.)
20 Fla. Jur.2d Easements § 36 (1980).
The parties do not dispute that the easement terms do not reserve to BHB, as the servient estate, the right to maintain a locked gate nor does the easement grant expressly or impliedly provide that the way shall be an open one. Therefore, the gate is permissible if it does not unreasonably interfere with the right of passage.
In this case, the trial court did not err in determining that the locked gate unreasonably interfered with the Association’s right of passage. The easement grant expressly states that its purpose is to provide the Association access for recreational use of the Atlantic Ocean. Such purpose impliedly permits the use of vehicles needed to trader sailboats and other small water craft to the ocean. See Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328 (Fla.1954); Kimlow, Inc. v. Seminole Landing Ass’n, Inc., 586 So.2d 1290 (Fla. 4th DCA 1991); 20 Fla Jur.2d Easements § 34 (1980). Indeed, the parties have stipulated that the dominant easement holders may use the easement as a road for vehicular traffic. The Association proffered *1177 testimony as to the inconvenience of unlocking and opening the gate which necessitates exiting the vehicle and, once the easement holder has passed through the gate, exiting the vehicle again to close and relock the gate. In addition, it would be necessary that all guests and lessees carry a key or have an access code in order to provide entry and exit to the easement. Therefore, the record contains evidence that the placement of a locked gate across the easement amounts to a substantial interference of the dominant easement holders’ rights to so use the easement. Cf. Monell v. Golfview Road Ass’n, 359 So.2d 2 (Fla. 4th DCA 1978)(placement of speed bumps across road is a substantial violation of an easement holder’s meaningful right to use road); Normandy B. Condominium Ass’n, Inc. v. Normandy C. Ass’n, Inc., 541 So.2d 1263 (Fla. 4th DCA 1989)(same). Such an interference is impermissible. Accordingly, we affirm the order.
Affirmed.

. The Association consists of 33 Bonefish Yacht Club condominium owners.

. The judgment in the prior lawsuit which created the easement states
A declaratory judgment is hereby entered, granting unto the [Association], their successors in interest, and all persons or entities deriving title from the [Association], in perpetuity, a private right-of-way for ingress and *1176 egress for recreational use of the Atlantic Ocean over a portion of [BHB's] land, ... for the benefit and as an easement appurtenant to the real property owned by [the Association]. [BHB], its successors in interest and all persons or entities deriving title from [BHB] shall be responsible for maintaining the area of the private right-of-way referred to herein.