STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-1147


EARL TOUPS

VERSUS

WADE JUDE ABSHIRE, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 80459
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

Genovese, J., concurs in part, dissents in part, and assigns written reasons.

AFFIRMED.

Reule P. Bourque
Attorney at Law
P. O. Box 127
Kaplan, LA 70548
(337) 643-8686
Counsel for Plaintiff/Appellant:
Earl Toups

**John Weir Grant**
**Attorney at Law**
**P. O. Drawer 52604**
**Lafayette, LA 70505-2604**
**(337) 234-3777**
**Counsel for Defendants/Appellees:**
**Wade Jude Abshire**
**Melinda Ann Regan Abshire**

**Wade Anthony Mouton**
**Attorney at Law**
**P. O. Box 326**
**Kaplan, LA 70548**
**(337) 643-2943**
**Counsel for Plaintiff/Appellant:**
**Earl Toups**

**EZELL, JUDGE.**

In this matter, Earl Toups appeals the decision of the trial court refusing to order the removal of alleged encumbrances on his servitude of passage over the land of Wade and Melinda Abshire. For the following reasons, we affirm the decision of the trial court.

Mr. Toups owns an enclosed estate with no access to a public road. The land has a thirty-foot wide by one-hundred fifty-eight foot long servitude of passage running over the southern thirty feet of the property of the Abshires. The servitude was created in a 1974 partition of a previous, larger estate. Located on the servitude is an approximately seventeen-foot wide crushed limestone road. The area encumbered by the servitude also serves as the only access point for the Abshires to a public road.

In 2003, disputes arose between the Toupses and the Abshires regarding the use of the thirty-foot servitude. At that time, a stipulated judgment was signed by the parties ordering the Abshires to remove speed bumps placed by them on the road, setting the speed limit on the road at ten miles-per-hour, and declaring that Mr. Toups could widen the road at his expense if he deemed necessary, with the restriction that the expansion could be in a southernly direction only. This judgment was not appealed.

After the stipulated judgment was entered, the Abshires removed the existing speed bumps, but the Toupses and their guests disregarded the speed limit set by the judgment. The parties remained confrontational, resulting in this present suit wherein Mr. Toups sought to have alleged encumbrances on the servitude removed, namely a drainage ditch running along the road, a culvert placed by the Abshires where their driveway meets the road, and a fence running along the servitude. After hearing the

testimony of the parties and examining the property in question, the trial court ruled that the Abshires had not encumbered the reasonable use of the servitude and that due to the constant speeding along the road, two speed bumps were ordered to be placed at either end of the Abshires' property to enforce the speed limit set by the stipulated judgment. From this decision, Mr. Toups appeals.

Mr. Toups asserts two assignments of error on appeal. His first assignment of error is vague and unclear as to what alleged error he wants corrected by this court, but he seems to claim that the trial court erred in failing to have alleged impediments to the full use of the thirty-foot servitude removed. His next assignment of error, that the trial court erred in preparing and signing an ex parte judgment regarding the installation of speed bumps, was not briefed and, therefore, need not be addressed. Uniform Rules - Court of Appeal, Rule 2-12.4.

Mr. Toups apparently believes that he is entitled to use the entirety of the thirty-foot servitude as he sees fit, unencumbered by the Abshires in any way, shape or form. We disagree. Louisiana Civil Code Article 705 (emphasis added) describes the conventional servitude of passage, or right of way, and the general parameters of its use:

> The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, or vehicles are permitted to pass through the servient estate. *Unless the title provides otherwise, the extent of the right and the mode of its exercise shall be suitable for the kind of traffic necessary for the reasonable use of the dominant estate.*

"The owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude." La.Civ.Code art. 748. *See also* La.Civ.Code art. 651. However, the dominant estate must exercise its rights "in a way least inconvenient for the servient estate." La.Civ.Code art. 743.

2

The issue of whether any alleged encumbrances made the use of the servitude more inconvenient for the Toupses was an issue of fact. *See Cathcart v. Magruder*, 06-986, 06-987, 06-988 (La.App. 1 Cir. 5/4/07), 960 So.2d 1032. Therefore, we will review this decision using a manifest error standard of review. *Stobart v. State through Dept. of Transp. and Dev.*, 617 So.2d 880 (La.1993).

As trier of fact, the trial court ruled in favor of the Abshires, finding that the installation of the culvert, fence, and driveway did not restrict Mr. Toups's use of the servitude. To the contrary, the trial court found that the roughly seventeen-foot wide limestone road was wide enough for Mr. Toups to reasonably use for his tractor and trailers, even when hauling the seventeen-foot blade. The trial court found that the biggest problem for Mr. Toups in accessing the right-of-way was nothing done by the Abshires, but rather a ditch owned by Mr. Toups and a pole placed by him to mark the property line. These findings are supported by the record before this court. Accordingly, we can find no manifest error in the trial court's decision.

The same considerations apply to the trial court's determination that the installation of speed bumps was required to protect the Abshires' child from speeders using the right of passage. The record established that the Toupses and their guests frequently violated the ten mile-per-hour speed limit established in the stipulated judgment, posing a potential threat to the Abshires' young child, and that because of the isolated location of the lots in question, local law enforcement could not police the area with any kind of regularity. We agree with the trial court that the speed bumps in no way render the passage unsuitable for the kind of traffic necessary for the reasonable use of the Toups's estate and are, in fact, necessary to enforce the stipulated judgment agreed to by Mr. Toups. Again, there is no manifest error in this ruling.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Earl Toups.

**AFFIRMED.**

**NUMBER 07-1147**

**COURT OF APPEAL, THIRD CIRCUIT**

**STATE OF LOUISIANA**

**EARL TOUPS**

**VERSUS**

**WADE JUDE ABSHIRE, ET AL.**

**GENOVESE, J., concurs in part, dissents in part, and assigns the following reasons:**

I concur in the majority opinion except for the "speed bumps" issue from which I respectfully dissent. There is no legal authority for the trial court to order traffic control devices, i.e., speed bumps, when ruling upon the rights, duties, and obligations of the parties in a servitude of passage case. Traffic control is not the function of the trial court in a servitude of passage case. The result of this case creates an intriguing issue as to liability, *vel non*, for potential personal injury and/or property damage sustained by a motorist traversing these speed bumps in the use of this servitude?

I would affirm the trial court except for the court-ordered speed bumps which I would reverse and order removed.