RAY, J.
Gloria Dianne and Freddie L. Wingate (Appellants) appeal a summary judgment in favor of Adrian and Charline Wingate (Appellees) ordering Appellants immediately to remove all speed bumps they had placed on the passageway at issue. Concluding that genuine issues of material fact preclude issuance of a summary judgment, we reverse and remand for further proceedings. Land Mgmt. of Fla., Inc. v. Hilton Pine Island, Ltd., 974 So.2d 532, 538 (Fla. 2d DCA 2008).

Procedural Background

In May 2010, Appellees petitioned to remove the speed bumps from the passageway. In support of their petition, Appellees alleged the following: (1) they possess and occupy a residence adjoining Appellants’ property in Santa Rosa County; (2) on February 1, 1999, Appellant Freddie L. Wingate and his (now deceased) wife, Peggy Ann Wingate, granted an easement over and across their property, providing ingress and egress to Appel-lees, which was recorded in the Official Record Book; (3) around October 21, 2009, Appellants willfully and intentionally placed speed bumps across a paved portion of the easement, which is used by Appellees to gain access to their residence, and placed concrete barriers on either side of the speed bumps to prevent vehicles from going around the speed bumps; (4) Appellees’ right to use this private easement is the same as the right of any other owner with permission to use the easement; (5) Appellees’ right is substantially diminished by the speed bumps whenever Appellees use the easement to access their property; and (6) the speed bumps are dangerous to drivers and their passengers and have damaged vehicles passing over the speed bumps. Claiming to have no adequate remedy at law to correct the derogation of their right to use the easement, Appellees demanded judgment for a permanent injunction restraining Appellants from keeping the speed bumps across the easement.
In their answer opposing the petition, Appellants acknowledged the existence of the easement and admitted placing the speed bumps across the passageway for the safety of small children who lived adjacent to the easement. Appellants asserted that the passageway sustained heavy traffic, some motorists used excessive speed, and over time, the posted speed limit signs were regularly ignored and ineffective. Appellants deny that the speed bumps are dangerous and/or substantially diminish Appellees’ rights.
Appellees moved for summary judgment under Florida Rule of Civil Procedure 1.510 and filed the depositions of Appellant Gloria Dianne Wingate and Appellees, Ad *429 rian and Charline Wingate, in support of their motion. The motion alleged that Ap-pellees are the owners of the written, recorded easement across Appellants’ property. Under the terms of the easement, the grantors gave, granted, sold, and conveyed to Appellees, as grantees, “a nonexclusive easement or right of way for ingress and egress, over, along, and across a strip or parcel of land,” which is legally described in the agreement. The agreement contained no restrictions and reserved no rights to place speed bumps across the easement. Appellees requested the immediate removal of the speed bumps.
At the motion hearing, Appellees’ counsel argued the speed bumps must be removed because, by their very nature, they impede ingress and egress along the easement, have no reflectors or other warning signs, and substantially diminish Appel-lees’ rights established under the easement agreement. Appellees contended that the placement of a fence along the passageway would be a less intrusive means of protecting people from vehicles crossing the easement, without impeding ingress and egress along the passageway.
Appellants’ counsel replied that the speed bumps serve a necessary safety function to reduce speeding and are permitted if they do not unreasonably interfere with the ability to cross over the easement. Appellants argued that genuine issues of material fact exist concerning whether the speed bumps constitute an impediment or interference that substantially and unreasonably diminishes Appellees’ rights, precluding resolution by summary judgment. The trial judge, acknowledging that a factual question may arise as to whether the speed bumps are a substantial interference, found it was not reasonable to place the speed bumps across the easement, where the agreement expressly granted Appellees the rights of ingress and egress. The court noted that the presence of large concrete blocks on both sides of the speed bumps prevents drivers from bypassing them. The court granted summary judgment and ordered the removal of the speed bumps.

Law and Analysis

We have de novo review of a summary judgment order. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Our task is to determine whether, after reviewing every inference in favor of Appellants as the non-moving party, no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Id.
An easement is an incorporeal, non-possessory interest in land which entitles the owner of the easement to use the land of another for one or more purposes. Sears, Roebuck & Co. v. Franchise Fin. Corp., 711 So.2d 1189, 1191 (Fla. 2d DCA 1998). Although an easement is a real property interest in land, it is a right distinct from ownership of the land itself and does not confer title to the land on which the easement is imposed. Platt v. Pietras, 382 So.2d 414, 416 (Fla. 5th DCA 1980); Florida Power Corp. v. McNeely, 125 So.2d 311, 315-16 (Fla. 2d DCA 1960). The easement holder possesses the dominant tenement, while the owner of the land against which the easement exists possesses the servient tenement. Tyler v. Price, 821 So.2d 1121, 1125 (Fla. 4th DCA 2002), aff'd, 890 So.2d 246 (Fla.2004); Jones v. City of Tallahassee, 304 So.2d 528, 532 (Fla. 1st DCA 1974). The servient estate owner enjoys all rights to the property, except as limited by the easement, and may use the land burdened by the easement in any manner that does not unreasonably interfere with the lawful dominant use. Hillsborough County v. Kortum, 585 *430 So.2d 1029, 1033 (Fla. 2d DCA 1991); Tortoise Island Communities, Inc. v. Roberts, 394 So.2d 568, 569 (Fla. 5th DCA 1981).
In the ease before us, the parties agree that a valid easement was created and recorded in 1999. To determine what rights were created by the easement agreement, we follow the rules of contract interpretation. Sandlake Residences, LLC v. Ogilvie, 951 So.2d 117, 119 (Fla. 5th DCA 2007). The clear, unambiguous language in the agreement gave the dominant estate owners (Appellees) a non-exclusive right-of-way for ingress and egress over and along the parcel of land that is used to access their residence.
Next, in determining the nature and scope of Appellees’ rights, we examine the intent of the original parties to the easement, as evidenced by the agreement itself. Sand Lake Shoppes Family Ltd. P’ship v. Sand Lake Courtyards, L.C., 816 So.2d 143, 145 (Fla. 5th DCA 2002). It is clear that the grantors intended for the grantees to have ingress and egress over the easement property. Where the parties want to keep an easement free of gates, speed bumps, signs, or other obstructions, they can specifically express such intent in their easement agreement. Gilliand v. Heiderich, 46 So.3d 1186, 1189 (Fla. 5th DCA 2010). That is not the case with the instant easement agreement, however, which is silent as to whether the servient estate owners (Appellants) have the right to place speed bumps across the easement.
A similar situation existed in BHB Development, Inc. v. Bonefish Yacht Club Homeowners Ass’n, Inc., 691 So.2d 1174 (Fla. 3d DCA 1997), where a homeowners’ association obtained a private right-of-way easement for ingress and egress over a portion of BHB Development’s property. Id. at 1175. Subsequently, BHB Development erected a locked gate across the easement for security purposes and offered keys to the homeowners’ association members. The issue was whether the easement allowed BHB Development to install the gate. The trial court issued a final judgment in favor of the homeowners’ association, directing BHB Development to remove any gates existing across the easement and forbidding the future installation of gates. Id. at 1176. The Third District Court stated the general rule as follows:
[T]he grant of a way without reservation of the right to maintain gates does not necessarily preclude the owner of the land from doing so, and unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances that such was the intention, the owner of the servient estate may erect gates across the way, if they are constructed so as not to interfere unreasonably with the right of passage.
Id. (emphasis in opinion) (citing 20 Fla. Jur. 2d Easements § 36 (1980)). The evidence in BHB Development established that having to unlock and open the gate and having to carry a key or have an access code caused inconvenience. The appellate court concluded that the trial court did not err in finding that the locked gate substantially and unreasonably interfered with the homeowners’ association’s right of passage. The final judgment was affirmed. 691 So.2d at 1176-77.
As in BHB Development, the essential question in this case is whether the speed bumps substantially or unreasonably interfere with the easement holders’ right of passage. Sandlake Residences, 951 So.2d at 120; Sand Lake Shoppes, 816 So.2d at 145; BHB Dev., Inc., 691 So.2d at 1176; Tortoise Island Communities, 394 So.2d at 569. To conclude as the trial court did, and hold that the speed bumps are impermissible as a matter of law, *431 would effectively grant the easement holders absolute ownership of the easement property contrary to well-established property law. See Tortoise Island Communities, Inc., 394 So.2d at 569 (noting that the rights of easement owners over a servient estate are not absolute, but are “limited so that each party may reasonably enjoy his respective property rights”).
Whether a particular action by a servient tenement holder constitutes unreasonable interference is ordinarily a question of fact. See, e.g., Preshlock v. Brenner, 234 Va. 407, 362 S.E.2d 696, 698 (1987); Everglades Pipe Line Co. v. Trujillo, 534 So.2d 881, 881 (Fla. 3d DCA 1988); Toups v. Abshire, 979 So.2d 616, 618 (La.Ct.App.2008). In resolving the question of reasonableness, significant factors the courts may consider include the number of speed bumps, their height, the spacing between speed bumps, the necessity for their placement in the particular area, and their effect on vehicles and traffic flow. Marsh v. Pullen, 50 Or.App. 405, 623 P.2d 1078, 1079-80 (1981). At this stage of the proceedings, the pleadings, exhibits, and depositions in the record reveal the existence of triable issues of fact regarding whether the speed bumps constitute an interference that substantially or unreasonably diminishes Appellees’ rights.* Because genuine issues of material fact remain, we reverse summary judgment and remand for further proceedings.
BENTON, CJ., and WETHERELL, J„ Concur.

 Cf. VanCleve v. Sparks, 132 S.W.3d 902 (Mo.Ct.App.2004) (affirming declaratory judgment based on finding that two speed bumps no more than 4-1/2 inches in height, installed to curb excessive speeds on shared driveway, did not substantially and unreasonably interfere with dominant estate owners’ use of ingress and egress easement), and Wilson v. Palmer, 229 A.D.2d 647, 644 N.Y.S.2d 872 (N.Y.App.Div.1996) (concluding that a speed bump across a common right-of-way did not substantially interfere with landowners’ reasonable use and enjoyment of their easement, where their path remained otherwise unimpeded and the speed bump doubtless encouraged slower speeds but did not bar landowners from using easement), and Marsh v. Pullen, 623 P.2d at 1078 (concluding that speed bumps — installed to deter speeding, limited to a height of seven inches, and subject to certain spacing limits — did not unreasonably interfere with rights to ingress and egress on shared residential roadway subject to an easement), with Beiser v. Hensic, 655 S.W.2d 660, 663 (Mo.Ct.App.1983) (concluding that evidence supported findings that all parties had an easement for ingress and egress over the road, none of them could impede its use by erecting speed bumps or other surface obstructions, and the placement of speed deterrents on the road was an unnecessary, unreasonable interference with the use of the road), and Monell v. Golfview Road Ass’n, 359 So.2d 2 (Fla. 4th DCA 1978) (reversing final judgment denying a request for a mandatory injunction in a dispute over whether a homeowners’ association should be required to remove four speed bumps constructed on the private road where uncontroverted evidence demonstrated that the construction of the speed bumps substantially diminished the objector’s right to the easement and dramatically reduced traffic on the road).