WILLIAMS, J.
LThe defendant, Ruth May Booker, appeals a judgment in favor of the plaintiffs, Jerry Allen Coleman and Terri Lynn Coleman. The trial court awarded damages of $16,084.73 to the Colemans for repair of a road used as a right of way to access their land. For the following reasons, we affirm in part, reverse in part and render.
FACTS
Ruth May Booker (“Booker”) and Jerry and Terri Coleman (“Coleman”) own adjacent tracts of land in Ouachita Parish. In 1983, Booker and her husband executed a “Right of Way Grant” with Coleman’s ancestor in title for the sum of $25, providing a “right of way for ingress and egress” located within 90 feet of the property line across land presently owned by Booker (the “servient estate”) in favor of land now owned by Coleman (the “dominant estate”). A short time later, Coleman built a road (“old driveway”) across the servient estate to provide access to the dominant estate from Donaldson Road, a public street in Ouachita Parish. The old driveway was used for the next 25 years and any maintenance of the road was done by Coleman.
Then, in the late summer of 2008, Booker’s son, Michael Booker, informed Cole *176 man that Booker wanted to relocate the right-of-way to another area within 90 feet of the property line, as provided in the 1983 servitude instrument. Coleman agreed to the relocation of the access road (“new driveway”) on the condition that the new location not make his use of the servitude less convenient. In July 2008, Booker hired Albo Arnding, a private road builder, to clear the land where the new driveway would be ^located. Anding’s work included clearing stumps, performing the dirt work for the base of the new driveway and installing drainage culverts. After Anding completed this job in October 2008, no further work was done for nine months to allow time for the base to settle and for assessing the adequacy of the drainage. Booker then hired Todd Givens, a builder and rock hauler, to complete construction of the new driveway. Givens built a berm adjacent to the new driveway to improve the drainage and dumped three truckloads of gravel over the surface of the new driveway. Givens then drove a loaded dump truck over the road approximately 30 times to compact the rock.
After completion of the new driveway in July 2009, Coleman complained about the quality of the construction to Booker’s son, who said that no further work would be done. Then, at Coleman’s request, his neighbor, Greg Dumas, leveled the surface of the new driveway using his tractor with a box blade. A short time later, Coleman began using the new driveway to access his land. During the next several months, Ouachita Parish experienced heavier than normal rainfall that caused water to wash over the new driveway.
Subsequently, the plaintiffs, Jerry and Terri Coleman, filed a petition for declaratory judgment, injunctive relief and damages against the defendant, Ruth May Booker, who filed an answer and reconven-tional demand. Plaintiffs sought damages to repair the new driveway or, alternatively, to resume the use of the old driveway. Prior to trial, the parties stipulated that resumed use of the old driveway was not an option |sand the issue before the court was whether the construction of the new driveway was adequate for reasonable use.
Following a trial, the district court issued written reasons for judgment finding that the new driveway was not of the same quality as the old driveway. The court also found that the cost of repair was $21,446.30, assessed plaintiffs with 25% fault in causing damage to the new driveway and reduced the amount of damages by $5,361.57. The court rendered judgment ordering the defendant either to allow plaintiffs to resume use of the old driveway, or pay damages to plaintiffs in the amount of $16,084.73. Plaintiffs then filed a motion for new trial, which was granted for the purpose of amending the judgment to delete the defendant’s' option to allow plaintiffs to resume use of the old driveway rather than pay damages. The defendant appeals the judgment.
DISCUSSION
The defendant contends the trial court erred in finding that the quality of the new road was not adequate for the plaintiffs’ use. Defendant argues that she is not required to pay damages because she provided an equally convenient location for plaintiffs’ exercise of the servitude of passage.
A predial servitude is a charge on a servient estate for the benefit of a dominant estate. LSA-C.C. art. 646. The owner of the servient estate is not required to do anything. His obligation is to abstain from doing something, or permit something to be done, on his estate. He may be required by convention or by law to keep his estate in suitable condition *177 for the exercise of the servitude by the dominant estate. LSA-C.C. art. 651. Voluntary or ^conventional servitudes are established by juridical act, prescription or destination of the owner. LSA-C.C. art. 654.
The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals or vehicles are permitted to pass through the servient estate. LSA-C.C. art. 705. The owner of the dominant estate has the right to make at his expense all the works that are necessary for the use and preservation of the servitude. LSA-C.C. art. 744. The owner of the servient estate may do nothing to diminish or make more inconvenient the use of the servitude. If the original location has become more burdensome for the owner of the servient estate, or prevents him from making useful improvements, he may provide another “equally convenient location for the exercise of the servitude” that the owner of the dominant estate is bound to accept. All expenses of relocation are borne by the owner of the servient estate. LSA-C.C. art. 748. The phrase “equally convenient” implies a location which is as suitable for the purpose as its predecessor. Brian v. Bowlus, 399 So.2d 545 (La.1981).
In the present case, the plaintiffs alleged in their petition that a number of deficiencies in the construction of the new driveway made their use of the servitude less convenient and they presented witnesses who opined that the new driveway was inferior in quality to the old driveway. However, the authority cited by plaintiffs does not support their contention that the defendant owed a duty to build them a driveway of a specific quality, which was not made the subject of a prior agreement. Thus, the relevant inquiry in this case is whether the new location designated by |fidefendant for the plaintiffs’ exercise of the servitude is equally convenient to the prior location used, not whether the construction of the new driveway is “equal” to the original 25-year old driveway.
Generally, under Article 651 the owner of the servient estate has a passive obligation, such as to allow the dominant estate owner to pass through his land, unless other duties are imposed by law or by agreement of the parties. 4 A.N. Yian-nopoulos, La. Civ. L. Treatise: Predial Servitudes, Sec. 158 (3d ed.2004). The 1983 juridical act creating the right of way allows ingress and egress across the defendant’s land, but does not require defendant to build a road. To the contrary, the document states that the dominant estate owner “shall have the right to build and maintain a road on said right of way as he deems fit and necessary.” Thus, the trial court’s finding that the new driveway was “not equal” to the old driveway is not determinative of this matter, because defendant did not have an obligation to build a driveway to the exact specifications desired by plaintiffs. Under Article 748, the defendant was required to provide at her expense another equally convenient location for the exercise of the servitude and do nothing to diminish or make plaintiffs’ use more inconvenient.
The record demonstrates that defendant satisfied the relocation requirements of Article 748 by providing an alternate location for the servitude that permitted equal access to plaintiffs’ land and by having a new driveway built at defendant’s expense that plaintiffs were able to use to pass through to their property. The issue of whether any alleged encumbrances made the use of the servitude more inconvenient for the plaintiffs is an issue |fiof fact. Toups v. Abshire, 07-1147 (La.App. 3d Cir.3/5/08), 979 So.2d 616. We shall next discuss this factual issue.
*178 At trial, the plaintiff, Jerry Coleman, testified that after defendant moved the servitude location to run along the defendant’s west property line, defendant installed a fence along the right of way approximately 2-3 feet from the east side of the new driveway, providing a path 20 feet wide from the property line. Coleman stated that the other side of the driveway drops off sharply at various spots. Coleman testified that previously he could access ditches along the old driveway for mowing and maintenance, but that he was unable to perform such maintenance on the new driveway because of the placement of the fence. Coleman stated that there was a wider turn onto the old driveway from Donaldson Road so he could easily enter the. old driveway with a goose-neck horse trailer. He complained that the sharper turn angle of the new driveway made entering from Donaldson Road with a trailer much more difficult. Coleman stated that for a right of way with equal convenience as the prior location, he would need a path 30 feet wide. The co-plaintiff, Terri Coleman, also testified that the very short turn from Donaldson Road and the fence along the east side of the driveway made the new location less convenient.
The defendant’s son, Michael Booker, testified that he supervised the construction of the new driveway. Booker stated that he placed a fence along the east side of the new driveway that was 20 feet from defendant’s west property line. Booker testified that the area of the servitude was cleared of trees and stumps and that the new driveway was built by ^experienced private road builders. He did not think that there was a sharper turn angle from Donaldson Road onto the new driveway. Booker testified that more than $8,000 was spent to build the new driveway.
The evidence presented regarding the relocation of the servitude demonstrates that the .defendant made the plaintiffs’ use of the right of way less convenient by placing a fence along the east side of the new driveway and two T-posts at the Donaldson Road intersection, preventing a wider turning angle. Consequently, we shall order that defendant remove the fence along the length of the new driveway and the T-posts at Donaldson Road, so that plaintiffs will be provided with access to a path of not less than 30 feet in width from defendant’s west property line for the exercise of their servitude. As a result, plaintiffs will have the ability to widen the turning radius where the new servitude location intersects with Donaldson Road. The evidence presented supports a finding that after these changes have been made, the new location will be equally convenient for the plaintiffs’ exercise of the servitude.
After reviewing the record and considering the applicable law, we conclude that the defendant was not obligated to build a specific type of driveway subject to the plaintiffs’ approval. Thus, the trial court erred in holding the defendant liable for the cost of repairing the perceived inadequacies in the construction of the new driveway. The defendant’s duty was to provide an equally convenient location for the plaintiffs’ exercise of their servitude of passage and this will be accomplished with the changes stated above. Accordingly, we shall reverse the trial court’s award of | ^damages for the cost of rebuilding the driveway across the new location of the servitude. We note that pursuant to Article 744, the plaintiffs have the right, at their expense, to make the type of alterations to the driveway reasonably necessary for their use of the servitude.
CONCLUSION
For the foregoing reasons, that part of the trial court’s amended judgment award *179 ing damages of $16,084.73 to the plaintiffs is reversed; it is hereby ORDERED that the defendant, Ruth Booker, shall remove the entire fence installed along the east side of the new servitude location and the two T-posts from the north end of the servitude, such that the plaintiffs shall be provided with a path of not less than 30 feet wide as measured from the defendant’s west property line. The judgment is otherwise affirmed. Costs of this appeal are assessed to the appellees, Jerry A. Coleman and Terri Coleman.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
CARAWAY, J., concurs with written reasons.