PER CURIAM.
Appellant, Alpha Data Corporation, a government contractor that provides information technology and engineering services, filed a multi-count complaint against Appellees HX5, Margarita Howard, Timothy Deckert, and Tracy Allen.[1] Count I alleged theft of trade secrets, Count II alleged Appellees breached a teaming agreement, Count III alleged breach of a “Mentor-Protege Agreement”, Count IV alleged promissory estoppel, Count V alleged breach of a fiduciary relationship, and Count VII alleged unjust enrichment. The trial court entered summary judgment in favor of Appellees on all counts, and Alpha Data appeals that judgment.[2] As explained below, we affirm the court’s judgment as to Counts III and V.[3] As to the remaining counts, we are constrained to agree with Alpha Data that there existed genuine issues of material fact, thus precluding summary judgment.
The trial court found that the Statute of Frauds precluded the claims of breach of agreement, breach of the Mentor-Protege Agreement, promissory estoppel and fraudulent inducement because there were no written agreements and the alleged oral contracts could not be performed within one year; that Appellant could not prove damages; that damages were speculative; that Appellant failed to demonstrate the existence of a fiduciary relationship; that Appellant’s claim of promissory estoppel is barred by the Economic Loss Rule; and that Appellant failed to demonstrate the existence of trade secrets or the misappropriation thereof. The summary judgment also concluded that Appellant could not prove any of the defendants caused damages to Appellant. The summary judgment further found that the two breach of agreement claims failed because there was not a meeting of the minds between the parties on the essential terms of the alleged agreement, and that the unsigned draft teaming agreement and unsigned draft mentor-protege agreement were only agreements to agree.
We affirm the trial court’s finding that the Statute of Frauds bars ADC’s claim that HX5 breached the Mentor-Protege Agreement.[4]
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ... runless the agreement- or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
§ 725.01, Fla. Stat.
The general rule is that the Statute of Frauds bars enforcement of oral contracts which by their terms are not to be performed within a year. Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1937). The *910 fact that a contract may not be performed within a year does not bring it within the statute. Id. “In other words, to make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made.” Id. Contracts for an indefinite period generally do not fall within the Statute of Frauds. Id.
Here, it is undisputed that HX5 never signed the proposed Mentor-Protege Agreement ADC sent to it. It is clear from the record and, according to the terms of the unsigned agreement that ADC sent to HX5, and which forms the basis of the alleged oral contract, this partnership was intended to last three years, thus bringing it within the Statute and, consequently, unenforceable.
We reverse the summary judgment in all other respects and remand for further proceedings because there remain genuine issues of material fact. Orders granting summary judgment are reviewed de novo. Dianne v. Wingate, 84 So.3d 427 (Fla. 1st DCA 2012). An appellate court’s “task is to determine whether, after reviewing every inference in favor of Appellant as the non-moving party, no genuine issue of material fact exists and the non-moving party is entitled to a judgment as a matter of law.” Id. Summary judgment should only be granted when there is no doubt that material fact issues remain. If there is even the slightest doubt that material factual issues remain, summary judgment may not be entered. Any doubts must be resolved in favor of the non-moving party. Feizi v. Dep’t of Mgmt. Servs., 988 So.2d 1192 (Fla. 1st DCA 2008).
As to allegations involving breach of contract, fraud in the inducement, unjust enrichment and promissory estoppel and injunctive relief the record clearly shows that genuine issues of material fact remained as to whether Appellant could prove or whether Appellee could defeat the elements of the remaining counts and whether Appellant could prove how it was damaged. These factual disputes preclude summary judgment. Moreover, a recent opinion from our supreme court requires us to reverse the trial court’s finding that the Economic Loss Rule bars Alpha Data’s fraudulent inducement claim. See Tiara Condo. Ass’n, Inc. v. Marsh & McLennan Co., 110 So.3d 399, 407 (Fla.2013) (holding the Economic Loss Rule is limited to product liability cases).
It is up to the fact finder to resolve factual disputes. Consequently, Appellees were not entitled to judgment as a matter of law.
This holding also requires reversal of the trial court’s judgment awarding costs to Appellees.
BENTON and CLARK, JJ., concur; THOMAS, J., concurs and dissents with opinion.

. Alpha Data’s complaint also alleged two counts against InfoPro Corporation and Charles Brasfeild. The judgments arising from that case are addressed in our opinion in case number 1D12-2886 (which was consolidated for all putposes with case number 1D12-5140).

. The trial court also entered a separate judgment awarding costs, which is the subject of the appeal in case number 1D12-5517, which has been consolidated with this case for all purposes.

. Alpha Data’s briefs do not address the trial court’s finding that it failed to establish the existence of a fiduciary duty. Thus, any argument that this was error is waived, hence our affirmance as to that issue.

. Appellant did not address the trial court's finding that Appellant failed to establish the existence of a fiduciary duty. Thus, any argument that this was error is waived and the trial court’s finding is affirmed.