# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D2024-1319

————————————————

AK LAND TITLE, LLC,

Appellant,

v.

DONALD W. HURD, JR.,

Appellee.

————————————————

On appeal from the Circuit Court for Santa Rosa County.
Clifton A. Drake, Judge.

August 13, 2025

LONG, J.

AK Land Title, LLC ("AK Land") appeals the final judgment granting permanent injunctive relief and declaratory relief in favor of Appellee, Donald W. Hurd, Jr. ("Hurd"). The matter concerns Hurd's asserted easement rights on AK Land's real property, Lot B. AK Land raises several arguments on appeal. We address only its argument that the permanent injunction deprives it of any reasonable use of Lot B. We affirm the final judgment granting declaratory relief without further discussion, and we reverse the permanent injunction, in part, for the following reasons.

Lot B is an unimproved 1.14-acre bayfront property located in Santa Rosa County. In 2018, AK Land purchased Lot B with the intent to construct a single-family home. In preparation, AK Land cleared part of the vegetation, coordinated the installation of drainage pipes, and arranged for the construction of a seawall.

Before the seawall was installed, Hurd learned of AK Land's plans. He then initiated the underlying matter, asserting that he had an easement over Lot B for "beach privileges" by virtue of a recorded restrictive covenant, which stated:

> A perpetual easement is granted over lot "B" of Evergreen Shores Subdivision, as shown by plat recorded at page 68 of Plat Book "A" of the Public Records of Santa Rosa County, Florida, to provide beach privileges to those property owners in the First Addition to Evergreen Shores.

The trial court granted declaratory relief in favor of Hurd and concluded that the phrase "beach privileges" includes "access to the water, swimming, fishing, picnicking, sunbathing, surfing, skim boarding, boating and paddle sports, volleyball and sand sports, building sandcastles and sand sculptures, kite flying, bonfires as may be allowed by law, and other common beach activities." The trial court permanently enjoined AK Land from interfering with Hurd's use of Lot B for such "beach privileges." The trial court, however, without any explanation, also permanently enjoined AK Land from *ever* building *any* house on the property.

While the whole of Lot B is subject to the "beach privileges" easement, those privileges are all plainly associated with the sandy portion of Lot B—that is, the *beach*. The trial court failed to explain why a pedestrian access to the beach would not protect Hurd's "beach privileges." Nor did the trial court explain why it was impossible to both build a house and preserve Hurd's "beach privileges." In any event, we agree that the permanent injunction prohibiting the building of any house, of any kind unreasonably deprives AK Land of its use of the property.

An easement is "a privilege without profit, which the owner of one tenement has a right to enjoy in respect to that tenement in or over the tenement of another person, whereof the latter is obliged to suffer or refrain from doing something on his own tenement for the advantage of the former." *Burdine v. Sewell*, 109 So. 648, 652 (Fla. 1926). Put simply, it is "the right in one other than the owner of the land to use land for some particular purpose or purposes." *Dean v. MOD Properties, Ltd.*, 528 So. 2d 432, 433 (Fla. 5th DCA 1988); *see also Se. Seminole Civic Ass'n, Inc. v. Adkins*, 604 So. 2d 523, 527 (Fla. 5th DCA 1992) ("[E]asements are mere rights to make certain limited use of lands.").

An easement, however, cannot be inconsistent with the general property rights of an owner. *Easton v. Appler*, 548 So. 2d 691, 694 (Fla. 3d DCA 1989). An easement holder's rights in the property are not absolute and unlimited. *Tortoise Island Communities, Inc. v. Roberts*, 394 So. 2d 568, 569 (Fla. 5th DCA 1981). Rather, "[t]hey are limited so that each party may reasonably enjoy his respective property rights." *Id.* (citing *Costin v. Branch*, 373 So. 2d 370 (Fla. 1st DCA 1979)). Accordingly, an easement "permanently depriving the grantor of any reasonable use of the property . . . is, indeed, against public policy and, therefore, is void and unenforceable." *Points v. Barnes*, 301 So. 2d 102, 104 (Fla. 4th DCA 1974); *cf. Lucas v. S. Carolina Coastal Council*, 505 U.S. 1003, 1019 (1992) (holding, over dissenting argument that the owner could still picnic, swim, and camp in a tent, that, where the owner was prevented from constructing a single-family-home on a beach parcel, a constitutional taking had occurred).

We do not, however, void the easement. We affirm that portion of the final judgment setting out the scope and nature of the easement. It is the permanent injunction that stretches the easement beyond that which it can bear.

Without explanation, the injunction, which purports to enforce the easement, turns Hurd's "beach privileges" into total control of the whole 1.14-acre property. And it leaves AK Land with nothing more than a duty to bear the liability risks, insurance

costs, and maintenance expenses for a beach park that serves the easement holders.[1]

The trial court's injunctive relief deprives AK Land of its reasonable use of Lot B.  With 1.14 acres of land, AK Land may be able to build a house that would not interfere with the easement holder's "beach privileges."  Because the injunction is, in part, inconsistent with AK Land's property rights, we reverse the portion that permanently enjoined AK Land from building a house on Lot B.  We affirm the final judgment in all other respects.[2]

AFFIRMED in part and REVERSED in part.

OSTERHAUS, C.J., and WINOKUR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica L. Scholl of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellant.

Darryl Steve Traylor, Jr. and T.A. Borowski, Jr. of Borowski & Traylor, P.A., Pensacola, for Appellee.

---

[1] The only benefit left to AK Land under the injunction is "beach privileges" as defined above.

[2] We affirm the injunction in all other respects, including the permanent injunction against "constructing or making any improvement on Lot B that interferes with [Hurd's] right to use Lot B for beach privileges."